**Linda WRIGHT, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 1999.

Decided Dec. 31, 1999.

---

5. Because we conclude that Claimant's petition was untimely, we need not address Employer's other points of appeal.

Sharon R. Meisler, Norristown, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Linda Wright petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) that denied her administrative appeal from the Board's decision revoking her parole and recommitting her to serve 12 months of backtime "when available" as a convicted parole violator.[1] Wright questions (1) whether the Board's decision should be reversed or modified because it was harsh and excessive in view of the particular circumstances

of her case; (2) whether the Board accurately credited the time that she served on the Board's parole detainer; and (3) whether the Board accurately calculated her backtime. The Board raises the issue of whether it should be awarded costs and counsel fees as a sanction for the filing of an appeal that seeks review of a recommitment period that is within the applicable presumptive range.

■ The Board constructively paroled Wright from a three-to-seven-year sentence (first sentence) on May 24, 1995 to begin service of a new one-to-three-year sentence (second sentence). On March 14, 1996, Wright was paroled from the second sentence, which the Board states expired on October 26, 1997. On August 12, 1998, Wright pled guilty to a felony charge of retail theft, and she was sentenced to a term of 9 to 23 months in the Montgomery County Correctional Facility (third sentence). After a revocation hearing, the Board issued a decision on November 13, 1998 recommitting Wright as a convicted parole violator to serve 12 months of backtime "when available." The maximum of the presumptive range of recommitment for Wright's felony theft conviction is 12 months. 37 Pa.Code § 75.2. Wright was not immediately available to begin serving the recommitment period because she first had to serve her third sentence in the county jail. Wright filed a petition for administrative review and relief from the Board's recommitment order. The Board denied Wright's petition on March 29, 1999.[2]

Wright first contends that the Board's recommitment order should be reversed or modified because it was harsh and excessive under the individual circumstances of this case. She notes that there was no contradiction to the defense she advanced at the revocation hearing that her theft

---

1. This case was reassigned to this author on December 3, 1999.

2. This Court's review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Walker v. Pennsylvania Board of Probation and Parole,* 729 A.2d 634 (Pa.Cmwlth.1999).

was done solely to provide for her children. Further, she states that her being on parole for two years without other violations and her cooperation with the parole agent should have weighed in her favor. Under these circumstances, she asserts, a recommitment period that is the maximum of the presumptive range is excessive.

 As the Board notes, however, this decision is not subject to review. The Court has clearly stated: "This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations." *Lotz v. Pennsylvania Board of Probation and Parole*, 120 Pa.Cmwlth. 538, 548 A.2d 1295, 1296 (1988), *aff'd*, 525 Pa. 567, 583 A.2d 427 (1990). Wright does not dispute that she pled guilty to a felony charge of theft in August 1998 or that the recommitment period is within the presumptive range. Under these circumstances, this Court may not disturb the Board's order, and the Court must reject Wright's argument on this point.

Wright's second and third arguments are that the Board did not accurately credit time that she served on the parole detainer or correctly recalculate her maximum expiration date.[3] In response, the Board notes that its recalculation order was not issued until April 9, 1999, eleven days after the Board's denial of adminis-

trative relief in the March 29, 1999 order from which Wright appeals here; therefore challenges to recalculations in this appeal are premature. Further, the Board emphasizes that Wright appealed to this Court only from the March 1999 order. Although she sought administrative review of the Board's April 1999 order providing a recalculation of her sentences and a new maximum expiration date, which was denied, Wright did not appeal from that denial.

 As the Board correctly argues, this Court has recognized that a recommitment order and a recomputation order are separate appealable orders, *Woodard v. Pennsylvania Board of Probation and Parole*, 136 Pa.Cmwlth. 257, 582 A.2d 1144 (1990). The first deals with the amount of backtime that will attach whenever the inmate is returned to state custody, and the second computes the actual reparole dates, which cannot be calculated until the inmate is returned to state custody. *Id.* Because Wright did not file a timely appeal from the April 1999 recomputation order, she may not challenge the recomputation in her appeal from the Board's denial of relief as to her recommitment. Wright's challenges to the credits afforded and the calculation of the new expiration date have been waived, and accordingly the Board's order is affirmed.

Finally, the Board requests that the Court award it costs and counsel fees on

---

**3.** Wright asserts that she was incorrectly recommitted to serve backtime on her second sentence rather than on her original sentence when she received a previous period of recommitment as a convicted parole violator. For present purposes, however, the record plainly shows that the 12–month recommitment at issue here resulted from Wright's arrest on March 1, 1998 and her subsequent guilty plea to felony retail theft on August 12, 1998 and sentencing to serve 9 to 23 months in the Montgomery County Correctional Facility. Under Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a), a parolee shall

first serve the balance of his or her original sentence (1) where he or she is paroled from a state penal or correctional institution and the new sentence is to be served in a state penal or correctional institution or (2) where he or she is paroled from a county penal or correctional institution and the new sentence is to be served in the same county institution; in all other cases the parolee serves the new sentence first. Because Wright was paroled from a state correctional institution and the new sentence was to a county institution, her new sentence was to be served first, and the Board properly recommitted her to serve 12 months of backtime "when available" after service of the third sentence.

the ground that Wright's appeal was frivolous. It notes that in *Lotz v. Pennsylvania Board of Probation and Parole*, 525 Pa. 567, 583 A.2d 427 (1990), the Supreme Court affirmed this Court's award of costs and a counsel fee against a parolee and his appointed counsel for filing a frivolous appeal, where the parolee sought review of a recommitment period that was within the presumptive range. Further, the Board notes that its recalculation order was mailed 11 days after the March 29, 1999 denial of administrative relief on the recommitment order, and it asserts that Wright's challenge to the recalculation in the present case does not save the appeal from being frivolous.

■ The Court takes note that there is a constitutional right to appointed counsel for indigent defendants who are attempting to resist revocation of parole at the revocation hearing and on direct appeal. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980). This Court has stated: "A frivolous appeal is, *inter alia*, one lacking any basis in law or fact." *Davis v. Pennsylvania Board of Probation and Parole*, 134 Pa.Cmwlth. 643, 579 A.2d 1372, 1374 (1990). At the same time, the Court acknowledged: "An appeal is not frivolous merely because it lacks merit." *Id.; see also Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974) (stating that lack of merit in an appeal is not the legal equivalent of frivolity). Finally, the Court has held that "all doubts about the frivolity of a particular appeal should be resolved in favor of the appellant and against the imposition of costs." *Smith v. Pennsylvania Board of Probation and Parole*, 543 A.2d 221, 222 (Pa.Cmwlth.1988), *aff'd*, 524 Pa. 500, 574 A.2d 558 (1990).

In *Lotz* and in *Smith* the parolees argued only that particular periods of recommitment were excessive, although they were within the presumptive range. The Court imposed costs and attorney's fees against the parolees and their appointed counsel, and the Supreme Court affirmed.

In *Davis*, however, the petitioner argued that the backtime for his particular conviction exceeded the maximum presumptive range, but the regulation upon which he relied had been amended such that the backtime imposed was within the presumptive range. The Court held that the petitioner's position was based upon a mistake of law that rendered his argument of no merit; however, the Court concluded that the appeal was not frivolous within the meaning of Pa. R.A.P. 2744.

Similarly, in *Newsome v. Pennsylvania Board of Probation and Parole*, 553 A.2d 1050 (Pa.Cmwlth.1989), the Court determined that three issues raised in the petition for review were not raised previously before the Board, and therefore they were waived and could not be considered for the first time on appeal. Nevertheless, the Court concluded that an award of requested counsel fees against the public defender was not warranted, where the Board had not demonstrated any manifest intent to delay or to clog the judicial system, and the petitioner had questioned the Board's actions at the revocation hearing but had failed to properly state and preserve an objection.

■ The present case raises contentions in addition to an assertion that the length of backtime imposed was excessive although it was within the presumptive range. Although the Court has concluded that these challenges are not properly presented, this is not equivalent to a determination that the appeal was "wholly frivolous" because it raised only an argument that is not permitted under long-settled law. Assessing attorney's fees against a petitioner and his or her appointed counsel in a parole revocation appeal has the potential to chill the exercise of the right to appeal and the right to appointed counsel recognized in *Bronson*. The present case is not within the very limited class of cases where such action is warranted, and the Board's request for an award of costs and counsel fees is therefore denied.

## *ORDER*

AND NOW, this 31st day of December, 1999, the order of the Pennsylvania Board of Probation and Parole denying administrative relief to Linda Wright is affirmed. The Board's request for an award of costs and counsel fees is denied.

Senior Judge JUILIANTE dissents.