IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Luis Rodriguez,                    :
                                           : No. 1997 C.D. 2015
                          Petitioner       : Submitted: February 19, 2016
                                           :
              v.                           :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                                           :
                          Respondent       :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  March 28, 2016


          Anthony Luis Rodriguez petitions for review of the decision of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief after the Board revoked his parole and recommitted him to
serve the 36 months backtime as a convicted parole violator.[1]  We affirm.

---

[1] As this Court has explained:

> "[B]acktime" is merely that part of an *existing* judicially-imposed
> sentence which the Board directs a parolee to complete following a
> finding after a *civil* administrative hearing that the parolee violated
> the terms and conditions of parole, which time must be served
> before the parolee may again be eligible to be considered for a
> grant of parole.

**(Footnote continued on next page…)**

Rodriguez was initially sentenced to a 6 to 15 year aggregate sentence on his guilty pleas to 6 counts of burglary, 1 count of criminal attempt-burglary, and 1 count of unsworn falsification to authorities. The original minimum date for his sentence was December 2, 2001, and the maximum date was December 2, 2011. Rodriguez was released on parole on August 2, 2004, and was declared delinquent effective August 21, 2004.

On January 4, 2005, Rodriguez was arrested in Jersey City, Hudson County, New Jersey, on 2 counts of armed robbery and 1 count of hindering apprehension or prosecution. On July 6, 2005, Rodriguez was arrested again in Jersey City on a number of burglary, theft, and conspiracy charges. A total of 105 criminal charges were filed against Rodriguez and the Board lodged a detainer based on the new charges. Certified Record (C.R.) at 19, 22. In May 2006, in the New Jersey Superior Court, Rodriguez pled guilty to 3 counts of burglary of the third degree,[2] and 1 additional count of burglary of the third degree that had been

---

**(continued…)**

*Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[2] Under the relevant provisions of the New Jersey statute:

> A person is guilty of burglary if, with the purpose to commit an offense therein or thereon he:
>
> (1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to enter; [or]
>
> (2) Surreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so[.]

**(Footnote continued on next page…)**

N.J. Rev. Stat. §2C:18-2(a)(1), (2).  With respect to the grading of the offense, the New Jersey statute provides:

> Burglary is a crime of the second degree if in the course of committing the offense, the actor:
>
> (1) Purposely, knowingly, or recklessly inflicts, attempts to inflict or threatens to inflict bodily injury on anyone; or
>
> (2) Is armed with or displays what appear to be explosives or a deadly weapon.
>
> Otherwise, burglary is a crime of the third degree.

N.J. Rev. Stat. §2C:18-2(b).

Likewise, at the time Rodriguez committed the multiple New Jersey burglaries and entered his guilty pleas in 2005, Section 3502(a) of the Pennsylvania Crimes Code provided that "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter."  18 Pa. C.S. §3502(a) (amended 2012).  The current version of Section 3502(a) states:

> A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;
>
> (3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight

amended from armed robbery. *Id.* at 28, 36. The court sentenced Rodriguez to an aggregate 15-year term of imprisonment.

In September 2014, Rodriguez waived extradition to Pennsylvania, and he was returned to a Pennsylvania state correctional institution in February 2015, upon his release from custody by the New Jersey authorities. In April 2015, the Board recommitted Rodriguez as a technical parole violator to serve 6 months backtime and as a convicted parole violator to serve a concurrent 36 months

---

**(continued…)**

> accommodations in which at the time of the offense any person is present; or
>
> (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa. C.S. §3502(a). With respect to the grading of the offense, the Pennsylvania Crimes Code provides:

> (1) Except as provided in paragraph (2), burglary is a felony of the first degree.
>
> (2) As follows:
>
>  (i) Except under subparagraph (ii), an offense under subsection (a)(4) is a felony of the second degree.
>
>  (ii) If the actor's intent upon entering the building, structure or portion under subparagraph (i) is to commit theft of a controlled substance or designer drug . . . burglary is a felony of the first degree.

18 Pa. C.S. §3502(c).

4

backtime. C.R. at 53-56.[3] The Board determined that the applicable presumptive ranges for his New Jersey convictions were 15 to 24 months for one of his burglary convictions and 24 to 40 months for his armed robbery conviction under Section 75.2 of its regulations, 37 Pa. Code §75.2. *Id.* at 46.

Rodriguez filed a *pro se* administrative appeal of the Board's decision[4] arguing, *inter alia*, that the recommitment term of 36 months backtime was excessive. The Board rejected Rodriguez's claim, stating:

> [T]he Board recommitted Mr. Rodriguez to serve 36 months as a convicted parole violator for the offenses of Burglary and Armed Robbery. Although the offenses were committed in another state, the Board applied the range of closely related offenses in Pennsylvania to come up with a presumptive range for Mr. Rodriguez. 37 Pa. Code §75.1. In this case, the applicable ranges for Burglary and Armed Robbery are 15 to 24 months and 24 to 40 months, respectively. 37 Pa. Code §75.2. Adding these ranges together gave the Board a maximum range of 64 months for the offenses. Thus, the decision to recommit your client to serve 36 months falls below the maximum range and is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

C.R. at 90.

In this appeal,[5] Rodriguez claims that the Board erred in applying the presumptive ranges in Section 75.2 because the applicable range for an out-of-state

---

[3] The Board gave the following reasons for its parole violation decision: "Early failure on parole/reparole;" "Declared delinquent by the Board;" "Failure to comply with sanctions;" "You are considered a threat to the safety of the community at this time;" "Conviction in court of record established;" and "Violation(s) Established." C.R. at 47.

[4] Initially, the Board improperly dismissed Rodriguez's administrative appeal as untimely; however, by August 2015 order, this Court granted the Board's motion to remand for consideration of the merits of his administrative appeal.

conviction is determined by the maximum sentence that could be imposed. Rodriguez argues that the Board should have applied the 6 to 12 month presumptive range for first degree misdemeanors for his New Jersey burglary of the third degree convictions because the sentence imposed for such an offense under New Jersey law[6] would be graded as a first degree misdemeanor under Pennsylvania law.[7]

However, Section 75.1 of the Board's regulations states that "[t]he presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted," and that "[t]he severity ranking of crimes listed in §75.2 . . . is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing." 37 Pa. Code §75.1(d), (e).  As a result, in determining the applicable presumptive

---

**(continued…)**

[5] This Court's limited scope of review of a Board's recommitment order is to determine whether the Board's findings are supported by substantial evidence and in accordance with the law, and whether any constitutional rights have been violated. *Krantz*, 483 A.2d at 1047.  This Court will interfere with the Board's exercise of administrative discretion only where it has been abused or exercised in an arbitrary or capricious manner. *Green v. Pennsylvania Board of Probation and Parole*, 664 A.2d 677, 679 (Pa. Cmwlth. 1995), *appeal denied*, 674 A.2d 1077 (Pa. 1996).

[6] *See* N.J. Rev. Stat. §2C:43-6(a)(3) ("Except as otherwise provided, a person who has been convicted of a crime may be sentenced to imprisonment, . . . [i]n the case of a crime of the third degree, for a specific term of years which . . . shall be between three years and five years[.]").

[7] *See* 18 Pa. C.S. §106(b)(6) ("A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years.").

6

ranges under Section 75.2 for out-of-state convictions, "[i]t is the severity of the criminal conduct that determines the presumptive range, not the severity of the punishment." *Harrington v. Pennsylvania Board of Probation and Parole*, 507 A.2d 1313, 1315 (Pa. Cmwlth. 1986). As this Court has explained:

> The error in Petitioner's argument is that the Board and the courts of Pennsylvania are bound by the Pennsylvania legislature's determination of severity, not by the determination made by the jurisdiction where the crime was committed. Thus, in selecting the proper presumptive range for recommitment of a convicted parole violator, the Board must look to the conduct for which the parolee was convicted, determine what crime that conduct would constitute if it occurred in Pennsylvania, and apply the presumptive range for the Pennsylvania crime.

*Id.*

As outlined above, the elements of the crime of burglary to which Rodriguez pled guilty in New Jersey are most closely related to the Pennsylvania crime of burglary. *See* C.R. at 26-37; N.J. Rev. Stat. §2C:18-2(a)(1), (2); 18 Pa. C.S. §3502(a).[8] Moreover, Section 75.2 of the Board's regulations provides a presumptive range of 15 to 24 months for each of Rodriguez's New Jersey burglary convictions regardless of whether it is graded as a first degree felony or a second degree felony under the Pennsylvania Crimes Code. 37 Pa. Code §75.2.

---

[8] *See also* Model Penal Code §221.1(1) (1962) ("A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter."); 18 Pa. C.S. §3502, Jt. St. Govt. Comm. Comment (1967) ("This section is derived from Section 221.1 of the Model Penal Code."); *State v. Olivero*, 115 A.3d 1270, 1275 (N.J. 2015) ("The Legislature therefore amended the burglary statute to resemble the Model Penal Code's narrower version of that offense. *See* Cannel, *New Jersey Criminal Code Annotated*, comment 1 on *N.J.S.A.* 2C:18-2, at 485 (2014-15) (noting that burglary statute was derived from MPC 221.0).").

As a result, Rodriguez's assertion that the Board should have applied the presumptive ranges for first degree misdemeanors in imposing the amount of backtime to be imposed, based solely on the punishment that could be imposed under New Jersey law on his multiple burglary convictions, is patently without merit. *Harrington*.

Accordingly, the Board's decision is affirmed.[9]

_____
MICHAEL H. WOJCIK, Judge

_____

[9] The Board determined that the applicable presumptive ranges for Rodriguez's New Jersey convictions were for burglary and armed robbery even though the armed robbery charge was amended to another burglary charge. C.R. at 28, 46, 70. Nevertheless, the presumptive range for each of Rodriguez's burglary convictions is 15 to 24 months, *see* 37 Pa. Code §75.2, and the presumptive range for each of those burglary convictions may be aggregated. *Massey v. Pennsylvania Board of Probation and Parole*, 501 A.2d 1114, 1116 n.8 (Pa. 1986). As a result, the correct presumptive range for 2 of Rodriguez's multiple New Jersey burglary convictions is 30 to 48 months under Section 75.2. Because the 36 months backtime that the Board actually imposed is within the correct presumptive range for Rodriguez's burglary convictions, this Court will not review a challenge to the Board's exercise of discretion with respect to the length of the backtime that the Board imposed. *See Smith*, 574 A.2d at 560 ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.") (citations omitted); *Davis v. Pennsylvania Board of Probation and Parole*, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) ("This court will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed for each offense is within the applicable presumptive range.") (citation and footnote omitted); *Wright v. Pennsylvania Board of Probation and Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) ("'This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations.'") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Luis Rodriguez,         :
                                : No. 1997 C.D. 2015
                Petitioner    :
                                :
             v.             :
                                :
Pennsylvania Board of         :
Probation and Parole,        :
                                :
            Respondent   :

## O R D E R

AND NOW, this 28<u>th</u> day of <u>March</u>, 2016, the decision of the Pennsylvania Board of Probation and Parole dated September 29, 2015, is AFFIRMED.

 

_____
MICHAEL H. WOJCIK, Judge