# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antowyne Dominique Charles,      :
                   Petitioner      :
                              :
            v.      : No. 1813 C.D. 2015
                              : Submitted: February 12, 2016
Pennsylvania Board      :
of Probation and Parole,      :
                Respondent      :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                   **FILED:  April 8, 2016**

Petitioner Antowyne Dominique Charles (Charles) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Charles' administrative appeal of its June 29, 2015 decision, in which he sought to challenge the Board's recalculation of his maximum release date. We affirm the Board's order.

Charles was sentenced on December 13, 2005, to serve a term of imprisonment of three-to-ten years, following his conviction on a burglary charge.[1] In 2012, after the Board had released Charles a second time on parole, he violated the conditions of his parole and was charged with committing a new crime (retail

---

[1] For this conviction, the Board assigned Charles the institutional identification "GM3074."

theft), ultimately resulting in his recommitment as a technical parole violator (TPV) and a convicted parole violator (CPV). Based upon his status as a CPV, the Board issued an order in April 2013, recalculating his maximum release date to be July 15, 2016.

The Board reparoled Charles on November 8, 2013, to a state detainer sentence.[2] On June 9, 2014, the Board released Charles on parole from the detainer sentence (LG2054) to a Community Corrections Center. (C.R. at 50.) On June 14, 2014, Charles absconded from the Community Corrections Center. The Board declared him delinquent on that date. On June 27, 2014, police arrested Charles and charged him with new crimes. That same day, Charles was detained in lieu of bail on the new criminal charges, and the Board lodged a detainer for Charles at Institution No. GM3074 (his original burglary conviction).

On August 22, 2014, the Board recommitted Charles as a TPV and recalculated his maximum date from July 15, 2016 to July 28, 2016.[3] This change

---

[2] It appears that this detainer sentence was the result of Charles' conviction in February 2013 for retail theft and his sentence of one month to twenty-four months in a state correctional institution. The Board assigned to this conviction the identification "LG2054." Thus, it appears that Charles served the backtime that was imposed for his technical parole violations and that afterwards he was paroled from his original sentence on November 8, 2013, to serve his sentence on the LG2054 conviction. He served on that new sentence until he was released to a Community Corrections Center on June 9, 2014. (C.R. at 110.)

[3] This recalculation (which Charles never challenged) altered the Board's *2013* calculation of his maximum release date by reflecting only the thirteen-day period Charles absconded and the technical parole violation arising therefrom. A day after the Board issued its August 22, 2014 decision, by petition dated August 23, 2014, Charles submitted a document to the Board captioned as "Administrative Relief." (C.R. at 139-42.) In that document, Charles, proceeding *pro se*, suggested that the Board's August 22, 2014 recalculation was erroneous, because it failed to provide a credit for periods of parole during which he allegedly had some degree of restrictions on his liberty, for example, in Community Corrections Centers. We have reviewed the "Moves Report" in the certified record. (C.R. at 130.) There are two notations **(Footnote continued on next page…)**

reflected the thirteen-day period during which Charles had absconded— June 14, 2014 through June 27, 2014. The Board apparently arrived at the new maximum date by determining that Charles had 762 days remaining on his sentence when he absconded (from the date of his release on parole from the detainer sentence on June 14, 2014 through the maximum release date of July 15, 2016), and added that number of days to the date upon which Charles was arrested and the Board lodged a detainer—June 27, 2014. Thereafter, on September 9, 2014, Charles pleaded guilty to two counts of possession of a controlled substance (heroin and synthetic marijuana), for which a trial court sentenced him to a period of three-to-twelve months in county prison. Charles received county prison time credit for a period of seventy-five days for time he served from the date of his arrest on June 27, 2014 through September 9, 2014. The sentence provided for his parole from the county sentence after he served the

---

**(continued…)**

indicating periods of time during which Charles was incarcerated in a Community Corrections Center. The first period was October 18, 2012, through March 12, 2013. (*Id*.) As we indicate above, the Board issued a recalculation of Charles' maximum release date in April 2013, which reflected the periods of time during which Charles was in the Community Corrections Center. Charles did not file a challenge to the recalculation at that time. Thus, if his August 23, 2014 administrative relief request included an attempt to challenge the Board's previous calculation of credit for the Community Corrections Center time, it would be untimely. *See Wright v. Pennsylvania Bd. of Prob. and Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (holding recalculation orders are final appealable orders). The only other period of time Charles spent at a Community Corrections Center while on parole was between June 9, 2014, when the Board last released him on parole, and June 14, 2014, when he absconded from the Community Corrections Center to which he had been assigned on parole. Thus, there appears to be a five day period during which Charles stayed at the Community Corrections Center before the Board made the recalculation of Charles' maximum release date that is the issue in this case. We will address this five-day period below.

3

three-month minimum. Thus, on September 26, 2014, Charles was paroled from his county sentence.

On October 22, 2014, the Board issued a notice of charges and hearing to Charles, to address the impact of his new criminal convictions upon his parole status. Charles waived his right to a revocation hearing. On December 9, 2014, the Board rendered a decision revoking Charles' parole and providing no credit for the period Charles was on parole. On February 13, 2015, the Board mailed a decision to Charles recommitting him as a CPV. On March 5, 2015, Charles submitted to the Board an administrative remedies form, in which he again sought to challenge the Board's recalculation of his maximum release date, based upon his claim that he should have received credit for the periods of time he spent in Community Corrections Centers. The Board responded by indicating that Charles' request for administrative relief was premature.

On June 29, 2015, the Board mailed a decision to Charles, recalculating his maximum release date from July 15, 2016, to June 2, 2017. The Board apparently arrived at the new maximum release date by determining that, at the time the Board released Charles on parole from his original sentence (GM3074) on November 8, 2013, when he began to serve his state detainer sentence for retail theft (LG2054), he had 980 days remaining on his sentence (the difference between the November 8, 2013 date of parole on his original sentence and the then-maximum release date of July 15, 2016). The Board then added 980 days to the date upon which Charles again became available to serve time on his state sentence—September 26, 2014—the date he completed the minimum term on his new criminal convictions.

On July 16, 2015, Charles, then represented by legal counsel, filed an administrative remedies form, asserting that the "Board failed to give [Charles] credit for all time served strictly pursuant to the board's warrant. The . . . Board erred in determining the parole/reparole/delinquency/board warrant date and custody for return date." (C.R. at 153.) The Board denied the request for administrative relief, reasoning that it had provided Charles with all of the credit for time served to which he was entitled, noting particularly that Charles had been detained after his most recent new criminal charges based on his failure to post bail as well as the Board's detainer.

Charles filed a petition for review with this Court,[4] claiming that the Board failed to give him credit for all of the time he served pursuant to the Board's detainer warrant. Charles asserts that when the Board recalculated Charles' maximum release date following its recommitment of Charles for the technical parole violation of absconding, the Board concluded that Charles had only 762 days remaining upon his original sentence (which included his thirteen days when he was delinquent) and that the Board should have added that number of days to the date of his return to Board custody in order to arrive at a new maximum date, which he calculates to be October 27, 2016.

As the Board notes, however, that calculation, which followed his recommitment as a TPV, preceded Charles' new criminal convictions. When a parolee is convicted of new criminal charges for conduct committed while on parole, the Board is empowered to deny credit for time spent at liberty on parole.

---

[4] Our review of a Board order recalculating a maximum release date is limited to considering whether the Board erred as a matter of law or violated any constitutional rights and whether necessary factual findings are supported by substantial evidence. 2 Pa. C.S. § 704.

61 Pa. C.S. § 6138(a)(2). Thus, in calculating his new maximum release date, the Board counted the days after it released Charles on parole up through the previous maximum release date (July 15, 2016), which provided the Board with the total number of days remaining on Charles's original sentence—980 days. The Board added this period to the date upon which it regained custody of Charles, September 26, 2014, to arrive at the new maximum release date of June 2, 2017. This calculation properly reflects the fact that Charles received credit for his new criminal sentences, beginning on the date of his arrest on June 27, 2014, up through September 26, 2014, based on his failure to post bail. *See Gaito v. Pennsylvania Bd. of Prob. and Parole*, 412 A.2d 568 (Pa. 1980).

We return, however, briefly to the question Charles raised in his August 23, 2014 administrative relief request, that being whether the Board erred in not providing Charles with credit for the period or periods he spent in Community Corrections Centers. On two occasions, the Board deemed this question to be premature. In any event, we find no merit to Charles' claim. Although Charles' counsel did not raise any issue regarding Charles' stays at Community Corrections Centers, the only such period of time that could possibly be considered time not at liberty on parole would be the five-day period between June 9, 2014, and June 14, 2014. In *Medina v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116, (Pa. Cmwlth. 2015), *appeal denied*, ___ A.3d ___ (No. 609 MAL 2015, filed December 31, 2015), this Court held that a parolee seeking to obtain credit for time spent at a Community Corrections Center bears the burden to prove that the restrictions on the parolee's liberties were the equivalent of incarceration. *Medina*, 120 A.3d at 1123. In this matter, Charles waived his right to a hearing where he could have presented evidence pertinent to

6

the question of whether the restraints on his liberty during that five-day period were similar to incarceration. Thus, there is no evidence from which we could evaluate whether Charles' claim is correct.

Accordingly, we conclude that the Board did not err in its recalculation of Charles' new maximum release date, and we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Antowyne Dominique Charles, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1813 C.D. 2015 |
| | : | |
| Pennsylvania Board | : | |
| of Probation and Parole, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 8th day of April, 2016, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge