IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya D. Taylor,                               :
                    Petitioner                 :
                                               :
          v.                                   :
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :    No. 693 C.D. 2019
                    Respondent                 :    Submitted: January 31, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                         FILED: July 17, 2020


          Tonya D. Taylor (Taylor) petitions for review from the May 7, 2019
decision of the Pennsylvania Board of Probation and Parole (Board)[1] denying her
request for administrative relief challenging the recalculation of her maximum
sentence date.[2]  Upon review, we affirm.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] Our scope of review of the Board's decision denying administrative relief is limited to
determining whether necessary findings of fact are supported by substantial evidence, whether an
error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd.
of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On May 22, 2002, Taylor was sentenced to a term of 1 year, 6 months to 10 years at a state correctional institution (SCI) resulting from her conviction for drug manufacture, sale, delivery or possession with intent. Certified Record (C.R.) at 1. Taylor had a minimum sentence date of November 17, 2002, and a maximum sentence date of May 17, 2011. *Id.* at 2. On April 7, 2003, the Board released Taylor on parole from SCI-Muncy, institution number OG5836, to a community corrections center. *Id.* at 129. While on parole, Taylor was arrested and charged with new drug-related crimes. *Id.* at 12.

On September 29, 2004, Taylor received a sentence of 5 years to 10 years in an SCI, institution number OL1972, resulting from her new conviction of possession with intent to distribute and possession of cocaine and drug paraphernalia. C.R. at 7-13. This conviction carried a maximum sentence date of September 10, 2016, which was later modified by the Department of Corrections (DOC) to September 10, 2018, to account for Taylor's sentencing on another conviction. *Id.* at 38-40. As a result of her 2004 conviction and sentence, the Board, by decision mailed November 18, 2004, recommitted Taylor to an SCI as a convicted parole violator to serve 18 months' backtime and recalculated her maximum sentence date relative to her original sentence to November 9, 2012.[3] C.R. at 14.

On October 20, 2006, the Board paroled Taylor from her first sentence, *i.e.*, the May 22, 2002 (OG5836) sentence, to serve her second sentence, *i.e.*, the September 29, 2004 (OL1972) sentence. C.R. at 129. On March 15, 2010, Taylor

---

[3] There was some confusion in March of 2006 relating to DOC's sentence calculations that caused the Board to rescind its 2004 decision and reinstate Taylor's maximum sentence date to May 17, 2011, but the Board rescinded the same by decision dated April 18, 2006, and reaffirmed November 9, 2012, as Taylor's maximum sentence date relative to her original sentence. C.R. at 18-22.

was paroled from her OL1972 sentence to a community corrections facility. *Id.* at 33, 129. While on parole, Taylor was arrested and, on March 25, 2011, pleaded guilty to two counts of possession with intent to deliver a controlled substance. *Id.* at 32-34. By decision mailed August 1, 2011, the Board, referencing her OG5836 sentence, recommitted Taylor to an SCI as a convicted parole violator to serve 24 months' backtime "when available pending parole from or completion of your [SCI] sentence under OL1972 and sentencing on your new criminal conviction." *Id.* at 36. On March 13, 2012, Taylor was sentenced to a term of one to two years of confinement for her conviction on the two counts of possession with intent to deliver. *Id.* at 38, 51.

On January 18, 2013, the Board paroled Taylor from her OL1972 sentence to her OG5836 sentence. C.R. at 43. By decision mailed February 14, 2013, the Board noted Taylor's recommitment as a convicted parole violator and recalculated Taylor's maximum sentence date on the OG5836 sentence to February 9, 2019.[4] *Id.* at 50-51. On January 20, 2015, the Board released Taylor on conditional parole to a community corrections center from her OG5836 sentence. *Id.* at 59, 63.

While at liberty on parole from both sentences, on March 17, 2016, Taylor was arrested on new criminal charges. C.R. at 65-69. That same day, the Board issued a warrant to commit and detain Taylor. C.R. at 64. On March 18, 2016, Taylor was charged with drug-related offenses in the Montgomery County

---

[4] In its Order to Recommit, the Board explained that Taylor's maximum sentence date for her OG5836 sentence was November 9, 2012, and she was paroled on October 19, 2006, therefore, she had 2213 days remaining (November 9, 2012 - October 19, 2006 = 2213 days). C.R. at 51. Taylor's custody for return date was January 18, 2013 (the day she was paroled from her OL1972 sentence). *Id.* Adding the 2213 days of backtime to January 18, 2013, results in a new maximum sentence date of February 9, 2019. *Id.*

Court of Common Pleas (trial court). *Id*. at 99. The trial court set bail at $50,000. *Id*. On April 7, 2016, Taylor's bail was modified to release on her own recognizance such that she effectively posted bail. *Id*. On June 25, 2018, Taylor pleaded guilty to manufacture, delivery, or possession with intent to manufacture or deliver and was sentenced to 11 months, 15 days to 23 months of county confinement. *Id*. at 161, 177-78. On August 14, 2018, the Board provided Taylor with a notice of charges and indicated its intent to hold a revocation hearing. *Id*. at 85. Taylor waived her right to a revocation hearing, and to counsel, and admitted to the county conviction. *Id*. at 77-79. By decision mailed November 28, 2018, the Board, referencing the OG5836 sentence, recommitted Taylor to an SCI "as a convicted parole violator to serve 18 months' backtime when available pending parole from/completion of [her county sentence]." *Id*. at 131-32.

On February 25, 2019, the trial court ordered Taylor's parole from her county sentence but did not actually release Taylor until March 2, 2019. C.R. at 165. The Board, by decision mailed March 26, 2019, referencing the OL1972 sentence and the OG5836 sentence, recommitted Taylor to an SCI as a convicted parole violator to serve 18 months' backtime. *Id*. at 169-70. The Board refused to award Taylor credit for time spent at liberty on parole and changed the maximum sentence date on her OL1972 sentence from September 10, 2018, to July 30, 2022.[5] *Id*.

---

[5] In its Order to Recommit, the Board explained that Taylor's maximum sentence date for her OL1972 sentence was September 10, 2018, and she was paroled on January 18, 2013, thus, she had 2061 days remaining on that sentence (September 10, 2018 - January 18, 2013 = 2061 days). C.R. at 167. The Board gave Taylor credit for one day in which she was held only on the Board's detainer (from the date of her arrest on March 17, 2016, to the date she was charged on March 18, 2016). *Id*. Additionally, the Board gave Taylor credit for 809 days for the time Taylor spent incarcerated from the day she posted bail, April 7, 2016, to the day of her conviction and sentencing, June 25, 2018 (June 25, 2018 - April 7, 2016 = 809 days). *Id*. Subtracting 810 days from 2061 days equals 1251 days of backtime owed. *Id*. The Board indicated that Taylor's custody for return date was February 25, 2019, and adding her backtime owed to that date resulted

Taylor, through counsel, filed a timely administrative remedies form challenging the recalculated maximum sentence date. C.R. at 175-76. Taylor argued that the Board erred when it recalculated her maximum sentence date on the OL1972 sentence because "all" of the "paperwork" referenced the OG5836 sentence. *Id*. at 176. Taylor contended that she expected to be released when she completed her county sentence on March 2, 2019, because she had been in custody for over 30 months and she had served her minimum county sentence of 11 months, 15 days plus the 18 months' backtime that the Board ordered per its November 28, 2018 decision on her OG5836 sentence. *Id*. at 175. Taylor further asserted that she filed an administrative appeal from the Board's November 28, 2018 decision to recommit her as a convicted parole violator but never received a response. *Id*. at 176.

The Board, by decision delivered May 7, 2019, explained that it had no record of an appeal from Taylor challenging the November 28, 2018 decision and that it considered Taylor's request as a "petition for administrative review" from the March 26, 2019 decision. C.R. at 188. Upon review of Taylor's request, the Board changed Taylor's maximum sentence date on her OL1972 sentence from July 30, 2022, to August 4, 2022.[6] *Id*. at 189. The Board explained:

---

in a new maximum date of July 30, 2022. *Id*. Moreover, in the miscellaneous notes, the Board specifically noted that Taylor is "also recommit [sic] on institution no. OG5836." *Id*. at 168.

[6] The Board issued a modified order to recommit dated May 3, 2019 wherein it explained that it used the incorrect custody for return date when it initially recalculated Taylor's maximum sentence date on her OL1972 sentence. C.R. at 184. The Board explained that Taylor was paroled on January 18, 2013, with an original maximum sentence date of September 10, 2018. *Id*. The Board credited her with 810 days for time spent incarcerated solely on the Board's detainer but noted that her custody for return date is March 2, 2019, the day that she was actually paroled from her county sentence. *Id*. When the Board performed the first calculation, it used the date that the trial court issued its order granting Taylor parole from her county sentence, February 25, 2019. *Id*. at 165, 167. As a result, Taylor's maximum sentence date was August 4, 2022, rather than July 30, 2022. *Id*. at 184. The Board further noted, "recommit on institution numbers OG5836 and OL1972, but only recalculate on institution number OL1972." *Id*. at 185.

Ms. Taylor was on parole on two institution numbers. At the time she [was] paroled on January 18, 2013 on institution number OL1972 her max date was September 10, 2018 and she had 2061 days remaining on that sentence (09/10/[]2018 – 01/18/2013 = 2061 days). When she [was] paroled on January 20, 2015 on institution number OG5836 her max date was February 9, 2019 and she had 1481 days remaining on that sentence (02/09/2019 – 01/20/2015 = 1481 days). The incident date for her conviction was March 17, 2016, therefore the parole period was active on both institution numbers. The Board recommits on all active institution numbers, but only recalculates the max date on the institution number with the most time remaining.

Ms. Taylor was released on parole on institution number OL1972 on January 18, 2013, with a maximum sentence date of September 10, 2018. At that point, 2061 days remained on her sentence. The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because she was recommitted as a convicted parole violator, she is required to serve the remainder of her original term and not entitled to credit for any periods of time she was at liberty on parole. 61 Pa.C.S. § 6138(a)(2). The Board did not award credit for time at liberty on parole. She was entitled to 810 days credit for detention prior to arrest from March 17, 2016 to March 18, 2016 (1 day) and after bail was posted up to sentencing from April 7, 2016 to June 25, 2018 (809 days). Subtracting this time meant she now had a total of 1251 days remaining on the sentence.

The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive a county sentence

6

of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence. In this case, **March 2, 2019** is the custody for return date (*not February 25, 2019 as initially calculated*), because that is the effective date of parole from the Montgomery County conviction. Adding 1251 days to that date yields a new max date of **August 4, 2022**.

Accordingly, the calculation has been corrected and . . . Taylor will be receiving a new Board decision. . . .

*Id*. at 188-89 (emphasis in original). The Board provided Taylor with a new Board decision delivered the same day, May 7, 2019, modifying its March 26, 2019 decision, to reflect the new maximum sentence date of August 4, 2022, based upon a "technician error." *Id*. at 190-91. Taylor petitioned this Court for review.

Before this Court, Taylor appears to raise four issues for our consideration.[7] First, Taylor argues that the Board erred when it recalculated her maximum sentence date on her OG5836 sentence because it made several "arithmetic errors." Taylor's Brief at 18. Taylor argues that the Board's November 18, 2004 decision recalculating her maximum sentence date on her OG5836 sentence was "unsubstantiated" and the errors in this decision have carried forward into

---

[7] In her Brief, Taylor submits three issues for our consideration: whether the Board erred in its computation of backtime, whether the Board failed to properly credit time spent on the street, and whether the Board lacked any basis in statute or case law to issue "consecutive setbacks due to the assignment of two DOC numbers." Taylor's Brief at 1, 6. Although Pennsylvania Rule of Appellate Procedure 2119(a) provides that "[t]he argument shall be divided into as many parts as there are questions to be argued," here, Taylor addresses her first two issues together in the argument section and concludes that the Board made a "combination of arithmetic errors, erroneous orders of service, and treating . . . Taylor as two people, because the DOC assigned two numbers" resulting in mistaken computations of backtime and street time. Taylor's Brief at 16, 21. For ease of discussion, we ascertained that Taylor appears to make four arguments in total, which we will address in the order Taylor presents them in the argument section of her brief. *Id*. at 16-24.

subsequent decisions relating to her OG5836 sentence. *Id*. at 18-20. However, the issue before this Court is whether the Board erred in its May 7, 2019 decision to recalculate the maximum sentence date on Taylor's OL1972 sentence. Taylor did not timely petition the Board for review of its decisions recalculating her maximum sentence date on her OG5836 sentence, that is, the November 18, 2004 decision or the February 14, 2013 decision. Therefore, Taylor waived her right to challenge those decisions and cannot do so now. *See Wright v. Pa. Bd. of Prob. & Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (holding that parolee waived challenge to Board's recalculation of her maximum sentence date where she failed to file a petition for review from the Board's order).[8]

Second, Taylor contends that the Board erred by requiring her to serve her OL1972 sentence before her OG5836 sentence. Taylor's Brief at 21. Taylor argues that the "order of service for convicted [parole] violators is back time, then front time" pursuant to Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(5),[9] and here, the Board consistently ordered Taylor to

---

[8] Additionally, Taylor appears to contend that DOC made errors on its DC16E-Sentence Status Summaries with respect to the OG5836 sentence. Taylor's Brief at 19. DOC, not the Board, is responsible for calculating the initial minimum and maximum dates for prisoners committed to its jurisdiction. *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987).

[9] Section 6138(a)(5) provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

serve "first time first, thus prolonging her period of supervision." Taylor's Brief at 21. In support, Taylor cites the Board's August 1, 2011 decision, referencing her OG5836 sentence, to recommit her as a convicted parole violator "when available" pending parole from or upon completion of her OL1972 sentence and sentencing on her new criminal conviction. *Id.* Taylor further cites the Board's January 18, 2013 decision to reparole her from her OL1972 sentence to her OG5836 sentence. *Id.* However, Taylor did not raise this issue in her appeal to the Board and, therefore, it is waived. *DeMarco v. Pa. Bd. of Prob. & Parole*, 758 A.2d 746, 748 (Pa. Cmwlth. 2000) (explaining that "[i]t is well settled that failure to raise an issue before the Board results in a waiver of that issue and precludes this Court from review"). Additionally, Taylor did not appeal the Board's August 1, 2011 recommitment decision and, therefore, she is barred from contesting it now. *See Wright*, 743 A.2d at 1006.

Third, Taylor contends that "no one advised" her that the OL1972 sentence was "active" when the Board recommitted her as a convicted parole violator following her county conviction. Taylor's Brief at 21. Taylor argues that the Board's paperwork and communication prior to its March 26, 2019 decision related to the OG5836 sentence. *Id.* Specifically, Taylor asserts that, upon her arrest on March 17, 2016, the Board detained her pursuant to the OG5836 sentence. *Id.*

---

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) *In all other cases, the service of the new term for the latter crime shall precede the commencement of the balance of the term originally imposed.*

61 Pa.C.S. § 6138(a)(5) (emphasis added).

9

Prior to pleading guilty on the county charges, Taylor alleges that she "verified" that she was being held only on the OG5836 sentence. *Id.* Taylor argues that the Board's hearing report form relating to its revocation decision only referenced her OG5836 sentence. *Id.* Taylor states that the Board subsequently issued its decision on November 28, 2018, to recommit her as a convicted parole violator and to recommit her for 18 months' backtime on her OG5836 sentence. *Id.* Because all the communication involved the OG5836 sentence, Taylor asserts that she did not "expect" the Board to recalculate her OL1972 sentence. *Id.* Taylor argues that she "expected to be paroled when her county sentence was finished" because she had been in "continuous custody for 32 months." *Id.*

However, Taylor could not have reasonably expected to be released upon parole from her county sentence on March 2, 2019 because the Board, in its November 28, 2018 decision ordered Taylor to be recommitted as a convicted parole violator to serve 18 months' backtime at an SCI "*when available* pending parole from/completion of" her county sentence. C.R. at 131. Taylor was on notice that the Board planned to recommit her and impose 18 months of backtime when she was "available," that is, when the trial court actually paroled her from her county sentence. *See* 61 Pa.C.S. § 6138(a)(5); *see also Maracine v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 957 C.D. 2011, filed January 6, 2012), 2012 WL 8681668, slip op. at 6 (explaining that Section 6138(a)(5) of the Parole Code requires a parolee to serve her entire county sentence before she can begin serving the remainder of her backtime).[10] Because Taylor could not be recommitted as a convicted parole violator or serve backtime while she was serving her county sentence, her expectation that

---

[10] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion maybe cited for its persuasive value. 210 Pa. Code § 69.414(a).

10

she would be released in March 2019 after she served her county sentence was unfounded.

Nevertheless, Taylor asserts that "no one advised" her that the OL1972 sentence was still "active" because the Board's paperwork relating to her parole revocation hearing and the Board's November 28, 2018 recommitment order did not mention her OL1972 sentence. Taylor's Brief at 21. Taylor is correct that the Board's November 28, 2018 recommitment order referenced her OG5836 sentence and was definitive as to the fact that she would be recommitted as a convicted parole violator once she was available to the Board after completing her county sentence. C.R. at 131-32. *Wright*, 743 A.2d at 1007 (explaining that a recommitment order deals with the amount of backtime that will attach "whenever the inmate is returned to state custody"); *Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1146 (Pa. Cmwlth. 1990) (explaining that a recommitment order deals with the award of backtime and a recalculation order cannot be recomputed "until the inmate is returned to state custody" and is final as to the propriety of the recommitment itself). However, the Board's authority to recommit Taylor as a convicted parole violator was triggered when Taylor engaged in a crime while on parole from both sentences, that is, when she was on parole from both her OL1972 and OG5836 sentences. C.R. at 43, 59, 64-72.

Section 6138(a)(1) of the Parole Code provides that:

[a] parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole . . . commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury . . . at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

11

61 Pa.C.S. § 6138(a)(1). Because Taylor was convicted of a crime punishable by imprisonment while on parole from both sentences, the Board had the "discretion" to recommit her as a convicted parole violator on both sentences. *Id.* The Board issued a new recommitment and recalculation order on March 26, 2019, when Taylor became available to the Board after the trial court paroled her from her county sentence.

In this March 26, 2019 order, the Board stated that Taylor was recommitted as a convicted parole violator pursuant to both sentences, imposed the 18 months' backtime, and recalculated her maximum sentence date on her OL1972 sentence. C.R. at 169-70. Section 6138(a)(2) of the Parole Code states:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1) [(providing the Board with discretion to award credit for time spent at liberty on parole except in enumerated instances)], shall be given no credit for the time at liberty on parole.

61 Pa.C.S. § 6138(a)(2). Upon recommitment as a convicted parole violator, the Board required Taylor to serve the remainder of the term that she would have been compelled to serve had her parole not been granted, that is, the Board required her to serve the remainder of her OL1972 sentence from which she was initially paroled. *Id.* In so doing, the Board explained that it "recommits on all active institution numbers, but only recalculates the max date on the institution number with the most time remaining." C.R. at 188. Based on the Board's calculations provided in its May 7, 2019 decision, the record supports the Board's statement that Taylor had

12

more days remaining on her OL1972 sentence than her OG5836 sentence. *Id.* Taylor does not explain how the Board violated the Parole Code or erred as a matter of law by choosing to recalculate her OL1972 sentence once she was under the jurisdiction of the Board. Taylor's third issue, thus, is without merit.

Finally, Taylor argues that the Board "consistently" treated Taylor as two people instead of one person with two assigned DOC numbers and gave her "consecutive recommitments for the same violation of the same parole." Taylor's Brief at 22-24. Contrary to Taylor's assertion, the Board did not treat Taylor as two people. As reflected in the record, the Board referenced two different institution numbers to address Taylor's two different sentences. *See supra* note 4. The Board referenced OG5836 when issuing recalculation decisions relating to her May 22, 2002 sentence of 1 year, 6 months to 10 years at an SCI. *See* C.R. at 14, 22, 50-51. The Board referenced OL1972 when it issued a recalculation decision relating to her September 29, 2004 sentence of 5 to 10 years at an SCI. *Id.* at 169-70.

Additionally, the record does not support Taylor's assertion that the Board ordered her to serve consecutive recommitments for the same violation of parole. The record shows that with each additional crime, the Board recommitted Taylor as a convicted parole violator and ordered her to serve backtime. C.R. 14, 50, 169-70. On two occasions, August 1, 2011, and November 28, 2018, the Board issued decisions informing Taylor that it planned to recommit her as a convicted parole violator and to impose backtime once she completed service on her new crimes, that is, when the Board had jurisdiction over her. *Id.* at 36, 131-32. In both of these instances, once Taylor was returned to state custody, the Board actually imposed her backtime and recalculated her maximum sentence date as reflected in its February 14, 2013 and March 26, 2019 orders. *Id.* at 50, 169-70. *See Wright*,

13

743 A.2d at 1007 (explaining that the recalculation order may only be computed when the parolee is returned to state custody). There is no evidence to suggest that the Board required Taylor to serve backtime on each sentence for a single parole violation. Taylor's assertion that she was treated as two people and given "consecutive recommitments" for the same violation of the same parole is without merit.

For the foregoing reasons, the Board's order is affirmed.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya D. Taylor,                    :
          Petitioner     :
                         :
      v.                :
                         :
Pennsylvania Board of     :
Probation and Parole,      :   No. 693 C.D. 2019
          Respondent   :

## O R D E R

AND NOW, this 17th day of July, 2020, the May 7, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge