# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tristen Shook,                 :
            Petitioner        :
                          :
       v.                      :    No. 78 C.D. 2023
                          :    SUBMITTED: November 6, 2023
Pennsylvania Parole Board,     :
            Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 21, 2023**

Tristen Shook petitions for review of an order of the Pennsylvania Parole Board, which denied his administrative appeal of his recommitment as a convicted parole violator (CPV). We affirm.

The pertinent facts are as follows. In June 2018, Shook was sentenced in Monroe County to an aggregate period of one year and three months to three years' imprisonment for retail theft and possession of drug paraphernalia. Certified Record (C.R.) at 1-2. He was released on parole on September 3, 2019, at which time his parole violation maximum date (maximum date) was noted as April 23, 2021. C.R. at 7.

On January 13, 2020, the Board issued a warrant to commit and detain Shook for parole violations. C.R. at 14. The Board subsequently found there was probable cause to establish the violations, but ordered that Shook be released

pending completion of recommended programming, effective April 29, 2020. C.R. at 15-16. On September 30, 2020, Shook was arrested in Monroe County for multiple new criminal charges. C.R. at 17-18. The Board issued a warrant that same day to commit and detain him pending disposition of the new charges. *Id.* Bail was set at $10,000, which Shook was unable to post, and he remained incarcerated at the Monroe County Prison. C.R. at 53-54, 58, 71-72. The Board cancelled its warrant to commit and detain Shook as of April 23, 2021, given the expiration of his maximum date. C.R. at 21.

In September 2021, Shook pleaded guilty and was sentenced to a period of one to five years' incarceration for driving under the influence of a controlled substance (DUI), second offense. C.R. at 38-39. That same day, he also pleaded guilty to shipping explosives for which he was sentenced to one year of probation to run consecutive to his DUI sentence. C.R. at 36-37. In March 2021, Shook was charged with additional criminal offenses arising from his participation in an inmate disruption at the Monroe County Prison. C.R. at 34.

On October 7, 2021, Shook signed forms acknowledging the above convictions and waiving both his right to counsel and his right to a panel hearing before the Board. C.R. at 24-26. By decision mailed on December 10, 2021, the Board recommitted Shook as a CPV to serve 18 months' backtime when available, pending resolution of his outstanding charges regarding the prison disruption. C.R. at 86-87. Notably, the Board's decision did *not* include a recalculation of Shook's maximum date. *Id.*

Shook filed a timely *pro se* administrative remedies form in which he asked the Board to reconsider its decision and claimed the Board incorrectly characterized the criminal charges underlying his recommitment as assaultive in

2

nature.  C.R. at 94-96.  Shook also stated that he attempted to seek legal advice but was told counsel was unavailable due to the holidays.  C.R. at 94.  By final determination mailed on January 4, 2023, the Board denied Shook's request for relief and affirmed its initial decision.  C.R. at 97-98.  The Board explained that Shook's administrative remedy form did not allege any factual or procedural errors in revoking his parole but simply asked for reconsideration.  *Id.*  The Board interpreted this as a general plea for leniency, which it denied.  *Id.*  Shook then filed a counseled petition for review with this Court.

The sole issue raised in Shook's petition for review and supporting brief is that the Board failed to give him credit for all time served exclusively to its warrant and, therefore, incorrectly recalculated his maximum date.  However, Shook failed to raise this issue in his request for administrative relief submitted to the Board.  C.R. at 94-96.  This failure results in waiver of the issue and precludes our review. *McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009) ["It is well[]settled that failure to raise an issue before the Board results in waiver and precludes this Court from review. *Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 44 (Pa. Cmwlth. 2007)."].

Even if the issue had been preserved, it is not properly before us at this juncture.  It is well established that the Board's recommitment orders and recalculation orders are separate appealable orders.  *Wright v. Pa. Bd. of Prob. & Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) [citing *Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1146 (Pa. Cmwlth. 1990)].  "The first deals with the amount of backtime that will attach whenever the inmate is returned to state custody, and the second computes the actual reparole dates, which cannot be calculated until the inmate is returned to state custody." *Wright*, 743 A.2d at 1006.

3

Here, Shook's request for administrative relief and subsequent petition for review to this Court are taken from the Board's December 10, 2021 recommitment order. *See* C.R. at 94-96. That order only served to recommit Shook as a CPV to serve 18 months' backtime when available, and did not recalculate his maximum date. C.R. at 86-87. In fact, the Board's recalculation order was not issued until February 8, 2023, after Shook's petition for review to this Court was filed. C.R. at 92-93. Any appeal Shook has regarding the Board's recalculation of his maximum date lies from that order and cannot be considered herein. *See Wright*; *Woodard*.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tristen Shook, :
                Petitioner :
  :
     v. : No. 78 C.D. 2023
  :
Pennsylvania Parole Board, :
            Respondent :

# **O R D E R**

AND NOW, this 21st day of December, 2023, the decision of the Pennsylvania Parole Board is AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita