582 A.2d 1144

Robert Lee WOODARD, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE et al., Respondents.

Commonwealth Court of Pennsylvania.

Submitted Jan. 19, 1990.

Decided Nov. 20, 1990.

258

Joseph J. Hylan, Deputy Public Defender, Norristown, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondents.

Before DOYLE and McGINLEY, JJ., BLATT, Senior Judge.

DOYLE, Judge.

Robert Woodard (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and recommitting him as a convicted parole violator (CPV).[1]

On April 24, 1986, Petitioner was paroled by the Board from a sentence of two and one half to ten years imprisonment as a result of his conviction for robbery. On February 23, 1987, he was arrested and charged with robbery and

1. This case was reassigned to the opinion writer on August 27, 1990.

related charges. He posted bail and his whereabouts were unknown to the Board until he was again arrested and charged with burglary on October 10, 1987.[2] On October 23, 1987, the Board scheduled a preliminary hearing which Petitioner waived, requesting that his violation/revocation hearing be continued until after disposition of the new criminal charges and rescheduled upon written notice from him. On April 18, 1988, Petitioner was found guilty of unauthorized use of an automobile and sentenced on the same date to time served to twenty-three months. Petitioner was also found guilty on May 26, 1988, of attempted criminal trespass and possession of an instrument of crime (PIC) and sentenced to time served to twenty-three months on August 23, 1988.

On August 25, 1988, the Board held a revocation hearing at which time Petitioner was represented by counsel. The hearing was continued until September 29, 1988. At the September 29, 1988, hearing Petitioner's counsel objected to the timeliness of the revocation hearing in relation to the May 26, 1988 conviction for attempted criminal trespass and PIC. The Board overruled the objection and determined that the hearing was timely because the official verification of the pertinent convictions was received by the Board on June 23, 1988. In an order recorded on November 28, 1988 and mailed December 16, 1988, the Board recommitted Petitioner as a CPV to serve twenty-four months backtime based on his new convictions (recommitment order). Petitioner timely sought administrative relief challenging the timeliness of the September 29, 1988, revocation hearing and the assessment of twenty-four months backtime. The Board denied Petitioner's pro se petition for administrative relief in a letter dated January 20, 1989, and notified Petitioner by mail of the denial on January 27, 1989. Petitioner did not seek appellate review of the Board's decision.

**2.** Additional charges were filed against Petitioner on October 11, 1987. On October 13, 1987, the Board lodged its detainer and warrant against him.

On March 23, 1989, the Board recorded an order,[3] mailed April 6, 1989, computing Petitioner's tentative reparole date as August 23, 1990, and his parole violation maximum date as September 22, 1995 (recommitment order). Petitioner sought administrative relief again and resurrected his objection to the timeliness of the September 29, 1988, revocation hearing and the recomputation of backtime. The Board determined that Petitioner's appeal was untimely as to the recommitment order and denied administrative relief on the merits as to the recomputation order. Petitioner timely appealed to this Court.

■ Our scope of review of a Board decision is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Carter v. Pennsylvania Board of Probation and Parole*, 117 Pa.Commonwealth Ct. 635, 544 A.2d 107 (1988).

■ Petitioner initially contends that the Board failed to provide him with a timely revocation hearing as required by 37 Pa.Code § 71.4. He asserts that the September 29, 1988, hearing was held more than 120 days after his April 18, 1988, and May 26, 1988, convictions.

The Board argues that its recomputation order of March 23, 1989, merely computed Petitioner's reparole and maximum term expiration dates and does not reset the clock to permit an appeal of its recommitment order awarding twenty-four months backtime, including the timeliness of the hearing conducted in that matter. It contends that the order denying Petitioner's challenge to the recommitment order was mailed January 27, 1989, and Petitioner had until February 27, 1989, to appeal from that order pursuant to Pa.R.A.P. 1512(a)(1).[4] It thus submits that because no such

3. The order stated in part: "Refer to Board action of 11/28/88 to recommit as a convicted parole violator to serve 24 months on backtime ... Parole Violation Max Date: 092295."

4. Pa.R.A.P. 1512(a)(1) provides that "[a] petition for review of a quasijudicial order ... shall be filed with the prothonotary of the appellate court within 30 days after entry of the order." The date of

appeal was taken Petitioner cannot presently challenge the timeliness of his revocation hearing.

We are, accordingly, squarely faced with the question of whether the recommitment order was a final appealable order, or whether the recomputation order is the only final appealable order. We hold that the recommitment order was a final appealable order because it was definitive as to the fact of recommitment and by failing to appeal it Petitioner waived the issues relating to *that* order including the timeliness of his revocation hearing.

Were we to hold otherwise, the delay of appeals could be inordinate and witnesses could become stale thus nullifying, as a practical matter, this Court's remand remedy. Consider four possible scenarios which could occur where:

1. The new sentence is to be served in the Pennsylvania State Correctional System;

2. The new sentence is to be served in a county facility;

3. The new sentence is to be served in a state correctional facility in another state;

4. The new sentence is to be served in the federal system.

The first situation would lead to a delay in the issuance of a final order equal to the time it takes the trial court to enter a judgment of sentence. Admittedly, this is unlikely to be a serious delay. In the second situation, such a holding would necessitate a delay from the time the Board determines to revoke parole until the prisoner has been returned from the county authorities to the state authorities. This could be a year or longer. And in those cases where the convicted inmate's time is to be served in an out-of-state or in a federal prison, the delay is extended by the number of years served in those correctional facilities and an inordinate delay can result, especially if the prison term is a long one. Certainly, for example, a federal sentence of ten or twenty years is not unknown or even

entry is the date on which the government unit mails the order to the litigants. *Ozolins v. Department of Education,* 30 Pa.Commonwealth Ct. 70, 372 A.2d 1230 (1977).

rare, although a federal prisoner is eligible for parole after serving one third of his sentence.

While this view does in some instances result in two appeals (the latter one being the appeal of the recomputation order only) as a practical matter very few appeals are taken from those orders. And, certainly the inordinate delay of appeals which the contrary holding would bring about and which would affect many more cases, is sufficient reason to permit separate appeals from the two orders if need be. The two orders are palpably disparate, the subject matter of the first dealing with the award of backtime which would attach whenever the inmate is returned to state custody, while the subject matter of the second, a recomputation of the inmate reparole dates, cannot be recomputed *until* the inmate is returned to state custody. There is no such precondition in the instance of the first order.

Finally, if we were to hold that the recommitment order was not final, a record-keeping nightmare would be created for the Board. As a practical matter the file of the case must be kept open until that case is completed. Accordingly, all materials would need to be held by the Board for a minimum of thirty days until after the Board issues its "final order."[5] If we were to treat the recommitment order as not being final then a tremendous number of files might have to be kept active literally for decades. All this can be avoided simply by noting that the recommitment order is final as to the propriety of the recommitment itself and that in an appeal from a recomputation order a prisoner cannot resurrect issues pertaining to the recommitment order.

We move now to a consideration of the issue raised by Petitioner as to the recomputation order. Petitioner argues that he posted bail following his October 10, 1987, arrest by the Philadelphia Police Department. He asserts that he was committed to SCI–Graterford on May 27, 1988, and that

5. If the records were not maintained appellate review would be meaningless and due process highly questionable at best.

that commitment date should be the effective date of his backtime sentence.

 Our Supreme Court has held that where a parolee arrested on new criminal charges fails to post bail on those charges any time spent in custody prior to sentencing on those charges is properly credited against the parolee's new sentence. *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980). A review of the record fails to support Petitioner's allegation that he posted bail after his October 10, 1987 arrest. Petitioner was convicted on May 26, 1988, and sentenced on August 23, 1988.[6] The Board, therefore, properly allocated the confinement time between the conviction and the sentencing dates to the new sentence and not to the original sentence. Thus, we reject Petitioner's argument.

Based on the foregoing opinion, we affirm the order of the Board.

## ORDER

NOW, November 20, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

6. On August 23, 1988, Judge Sheppard of the Philadelphia Court of Common Pleas sentenced Petitioner to time served to twenty-three months, effective October 11, 1987 and granted parole effective April 7, 1988. In *Patrick v. Pennsylvania Board of Probation and Parole,* 110 Pa.Commonwealth Ct. 121, 532 A.2d 487 (1987), we stated that, although the common pleas court has the power to grant parole in sentences of less than two years, the common pleas court lacked authority to grant parole retroactive to a date earlier than the sentencing date. Therefore, the proper parole date on the sentence for the new conviction was August 23, 1988.