IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tashoun Love,       :
     Petitioner    :
            :
    v.       : No. 149 C.D. 2015
            : Submitted: November 6, 2015
Pennsylvania Board of Probation :
and Parole,       :
     Respondent  :


BEFORE: HONORABLE DAN PELLEGRINI, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI    FILED: December 3, 2015


   Tashoun Love petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for an administrative appeal and administrative relief from the Board's order recommitting him to a state correctional institution (SCI) as a technical and convicted parole violator to serve a total of 24 months backtime.[1]  We affirm.

---

[1] When parole is revoked, whether for technical violations of the conditions of parole or for subsequent criminal convictions, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence.  That period of time is commonly referred to as "backtime."  A recommitment is not a second punishment for the original offense; it has no effect on the original judicially imposed sentence.  Rather, recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his
**(Footnote continued on next page…)**

In 2010, Love was initially sentenced to a 2-year, 3-month to 6-year term of imprisonment after he pleaded guilty to felonious manufacturing, delivering or possessing with the intent to manufacture or deliver a controlled substance (PWID) in violation of Section 13(a)(30) of The Controlled Substance,

---

**(continued…)**

original sentence. The period of recommitment set by the Board, which may be less than the unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee; it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and to have his application considered by the Board. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 501 A.2d 1110, 1113 (Pa. 1985).

The Board's guidelines or "presumptive ranges" for determining the amount of backtime are found in its regulations at 37 Pa. Code §§75.1-75.4. Section 75.1 provides, in relevant part:

> (a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.
>
> * * *
>
> (d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.
>
> (e) The severity of ranking of crimes listed in §75.2 (relating to presumptive ranges for convicted parole violators) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa. Code §75.1.

Drug, Device and Cosmetic Act (Drug Act).[2]  The original minimum date for this sentence was May 27, 2012, and the maximum date was May 27, 2016.  (Certified Record (CR) 1).

Love was released on parole on September 9, 2013, to reside at the Self Help Movement Center in Philadelphia.  He was declared delinquent effective October 17, 2013, after he left the facility and failed to return or remain in contact with the parole authorities.

On December 1, 2013, the Falls Township Police arrested Love in Bucks County and charged him with one count each of:  (1) felonious PWID in violation of Section 13(a)(30) of the Drug Act for "suspected heroin and suspected marijuana" (CR 35); (2) felonious criminal use of a communication facility in violation of Section 7512(a) of the Pennsylvania Crimes Code;[3] (3) misdemeanor

---

[2] Act of April 14, 1972, P.L. 233, 35 P.S. §780-113(a)(30).  Section 13(a)(30) prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance….."  Under Section 13(f)(1), a violation of Section 13(a)(30) involving Schedule I "narcotic drug" is graded as "a felony and upon conviction [any individual who violates] thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000)…."  35 P.S. §780-113(f)(1).  However, under Section 13(f)(2), a violation involving "any other controlled substance classified in Schedule I…" is graded as "a felony and upon conviction [any individual who violates] thereof shall be sentenced to imprisonment not exceeding five years, or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both."  35 P.S. §780-113(f)(2).

[3] 18 Pa. C.S. §7512(a).  Section 7512(a) states, in relevant part, that "[a] person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under … The [Drug Act]…."  Section 7512(b) provides that "[a] person who violates this section shall, upon conviction, be sentenced to pay a fine of not more than $15,000 or to imprisonment for not more than seven years, or both."  18 Pa. C.S. §7512(b).

possession of a controlled or counterfeit substance in violation of Section 13(a)(16) of the Drug Act;[4] and (4) misdemeanor use or possession of drug paraphernalia in violation of Section 13(a)(32) of the Drug Act.[5] Love did not post bond on the new charges, and the Board lodged a detainer for the parole violations. On December 9, 2013, Love waived his right to a violation hearing and counsel and admitted that he violated the terms and conditions of his parole. (CR 40).

In January 2014, the Board recommitted Love as a technical parole violator and detained him pending disposition of the criminal charges. In February 2014, a criminal information was filed charging him with the foregoing four crimes. With respect to Counts 1 and 3, the information alleged that the controlled substances were "TO WIT, HEROIN (SCHEDULE I) AND/OR MARIJUANA (SCHEDULE I)…." (CR 67). In April 2014, Love pleaded guilty to all four

---

[4] 35 P.S. §780-113(a)(16). Section 13(a)(16) prohibits "[k]nowingly or intentionally possessing a controlled … substance … unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner…." Under Section 13(b), any person who violates Section 13(a)(16) "shall be guilty of a misdemeanor, and … shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both…." 35 P.S. §780-113(b). Additionally, Section 13(b) states that "if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both." *Id.*

[5] 35 P.S. §780-113(a)(32). Section 13(a)(32) prohibits "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of … packing, repacking, storing, containing, [or] concealing … a controlled substance in violation of this act." Under Section 13(i), any person who violates Section 13(a)(32) "is guilty of a misdemeanor and upon conviction thereof shall be sentenced to pay a fine not exceeding two thousand five hundred dollars ($2,500) or to imprisonment not exceeding one (1) year, or both…." 35 P.S. §780-113(i).

counts. He was sentenced to an SCI for a period of 15 to 30 months on Count I PWID and no further penalty was imposed on the remaining counts. (*Id.* 66).

In May 2014, Love waived his right to a revocation hearing and admitted to violating his parole by his PWID conviction. (CR 69). The Board determined that his PWID conviction involved heroin and imposed a presumptive range of 24 to 36 months backtime for the conviction under Section 75.2 of its regulations.[6] (CR 60). The Board also imposed a presumptive range of 6 to 12 months backtime for his conviction for felonious criminal use of a communication facility; a presumptive range of 6 to 12 months backtime for his conviction for misdemeanor possession of a controlled or counterfeit substance; and a presumptive range of 3 to 6 months backtime for his conviction for misdemeanor use or possession of drug paraphernalia; for a total presumptive range of 24 to 66 months backtime. (*Id.*). As a result, by a decision dated August 7, 2014, and mailed on August 18, 2014, the Board recommitted Love as a convicted parole violator to serve 24 months backtime when available for his PWID conviction. (*Id.* 70). The decision did not provide a reparole eligibility date or a parole violation maximum date. (*Id.* 70-71).

---

[6] 37 Pa. Code §75.2. Section 75.2 provides for a presumptive range of 24 to 36 months for a felony Drug Act conviction with a statutory maximum sentence of 15 years; a presumptive range of 18 to 24 months for a felony Drug Act conviction with a statutory maximum sentence of 10 years; a presumption range of 9 to 15 months for a felony Drug Act conviction with a statutory maximum sentence of 5 years; a presumptive range of 6 to 12 months for a misdemeanor Drug Act conviction with a statutory maximum sentence of 2 or 3 years; and a presumptive range of 3 to 6 months for a misdemeanor Drug Act conviction with a statutory maximum sentence of 1 year.

On September 3, 2014, Love submitted an administrative remedies form seeking an administrative appeal and administrative relief from the Board's August 2014 decision ordering his recommitment as a convicted parole violator and the imposition of 24 months backtime. (CR 81-83). Love argued that because the sentence imposed on his PWID conviction was the lowest felony on the offense gravity score, it fell under Section 13(f)(2) of the Drug Act so that the maximum sentence that could have been imposed by the trial court was 5 years, and the presumptive recommitment range under Section 75.2 of the Board's regulations was 9 to 15 months. Love also claimed that under Section 71.4(1)(ii) of the Board's regulations,[7] his original sentence ran from December 9, 2013, the date that he waived a panel hearing and counsel and admitted to the technical violations, and concurrently with the new sentence imposed by the trial court on his PWID conviction that was ordered to run from December 1, 2013. Specifically, he alleged that "[t]he Parole Board has discretion to modify a judge's decision, so my new sentence apparently is coinciding with the parole decision." (CR 81). As a result, Love asserted that the backtime that the Board imposed was outside the presumptive range and incorrect, and that his new and original sentences should run concurrently from December 2013 onward.

By decision dated September 4, 2014, and mailed September 12, 2014, the Board referred to its August 2014 decision which determined that Love

---

[7] 37 Pa. Code §71.4(1)(ii). Section 71.4(1)(ii) states, in relevant part, that "[a] parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel … decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver."

was not eligible for reparole until April 15, 2016, and calculated his new parole violation maximum date as October 2, 2016. (CR 80). Love did not seek an administrative appeal or administrative relief of the Board's recalculation decision.

In January 2015, the Board denied Love's request for an administrative appeal and administrative relief of its August 2014 recommitment decision explaining:

> The Board chose to recommit you to serve 24 months for the aforementioned violations. The presumptive recommitment range for a conviction of: (1) PWID (heroin) is 24-36 months; (2) criminal use of a communication facility is 6-12 months; (3) intentional possession of a controlled substance is 6-12 months; and (4) possession of drug paraphernalia is 3-6 months. The aggregate recommitment presumptive range for all your convictions is 24-66 months. Therefore, the 24 month recommitment period imposed for your violations falls within the presumptive range and is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

> To the extent you challenge the Board's authority to recalculate your max date beyond your judicially imposed sentence, your petition is premature. The Board recommitted you as a convicted parole violator when available in its August 7, 2014 decision. This is because you had pending criminal cases at that time. However, the Board has since recomputed your max date as October 2, 2016 in the Board decision recorded September 4, 2014 (mailed 09/12/2014). Therefore, your challenge is premature to the September 4, 2014 decision.

(CR 86). Based on the foregoing, "the appeal panel finds no ground to grant administrative relief and the decision mailed August 18, 2014 is AFFIRMED." (*Id.* 87).[8]

In this appeal,[9] Love again argues that the Board erred in denying his administrative appeal and request for administrative relief of its August 2014 recommitment decision because the backtime imposed is excessive. He asserts that the presumptive recommitment range for his PWID conviction is 9 to 15 months under Section 75.2 of the Board's regulations and not the 24 to 36 months as found by the Board. However, even if it is assumed that Love is correct in this regard, the aggregate[10] presumptive recommitment range for all four of his

---

[8] In his appellate brief, Love mischaracterizes the Board's decision that is the subject of this appeal stating, "By decision bearing a mailing date of 5 January 2015, a three-member appeal panel of the Parole Board denied Love's administrative appeal and affirmed the 4 September, 2014 decision which was mailed on September 12, 2014." Brief for Petitioner at 7-8. To the contrary, as indicated above, the instant appeal is from the Board's August 2014 decision recommitting him as a convicted parole violator to serve 24 months backtime; Love did not seek an administrative appeal or administrative relief of the Board's September 4, 2014 decision determining that he was not eligible for reparole until April 15, 2016, and calculating his new parole violation maximum date as October 2, 2016.

[9] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28 (Pa. Cmwlth. 2006).

[10] As this Court has explained:

> Section 75.2 of the Code sets forth presumptive ranges of recommitment for various crimes of which a parolee is convicted while out on parole, and although the Code does not explicitly so state, the Board may aggregate backtime for various offenses when

**(Footnote continued on next page…)**

convictions under Section 75.2 of the Board's regulations is 24 to 45 months[11] so that the 24 months imposed by the Board is within the presumptive recommitment range and is not subject to challenge on appeal. *Smith*.[12]

---

**(continued…)**

> ordering a parolee's recommitment. *Corley v. Pennsylvania Board of Probation and Parole*, [478 A.2d 146 (Pa. Cmwlth. 1984)]…

*Pierce v. Pennsylvania Board of Probation and Parole*, 525 A.2d 1281, 1283 (Pa. Cmwlth.), *appeal denied*, 535 A.2d 1059 (Pa. 1987). Moreover, contrary to Love's assertion, the doctrine of the merger of criminal sentences does not factor into the Board's decision regarding the calculation of backtime. *See, e.g., McClinton v. Pennsylvania Board of Probation and Parole*, 546 A.2d 759, 762 (Pa. Cmwlth. 1988) ("The General Assembly has given the Board the power to recommit a parolee following a finding of guilt, and the petitioner was found guilty of each offense for which he was assessed backtime. Accordingly it is not necessary for the Board to have a final conviction before assessing backtime. *It is likewise unnecessary to determine what constitutes a conviction and how merger affects the assessment of backtime.*") (emphasis added).

[11] Love pleaded guilty to all four charges so the applicable presumptive recommitment ranges under Section 75.2 are: 9 to 15 months (PWID); plus 6 to 12 months (felonious criminal use of a communication facility); plus 6 to 12 months (misdemeanor possession of a controlled or counterfeit substance); plus 3 to 6 months (misdemeanor use or possession of drug paraphernalia); for a total aggregate presumptive recommitment range of 24 to 45 months.

[12] As a corollary to this claim, Love sets forth a policy argument that the designation of marijuana as a Schedule I controlled substance under the Drug Act is erroneous in light of the current consideration of legalizing medical marijuana by the Pennsylvania General Assembly and its legalization and decriminalization in other states. However, such a policy argument is not a proper basis for this Court to reverse the Board's actions in this matter. *See, e.g., Program Administration Services v. Dauphin County General Services*, 928 A.2d 1013, 1017-18 (Pa. 2007) ("[C]ourts should not lose sight of the respective roles of the General Assembly and the courts in terms of establishing public policy. In particular, it is the Legislature's chief function to set public policy and the courts' role to enforce that policy, subject to constitutional limitations. *See generally Parker v. Children's Hosp. of Philadelphia*, [394 A.2d 932, 937 (Pa. 1978)] (explaining that 'the power of judicial review must not be used as a means by which the courts might substitute [their] judgment as to the public policy for that of the legislature.')…."). Nevertheless, we commend Love's counsel for his candor in acknowledging that "[t]he controlling law with regard to this issue does not appear to support Petitioner's position…." Brief for Petitioner at 16.

Finally, Love argues that the Board erred in recalculating his new reparole eligibility date as April 15, 2016, and his parole violation maximum date as October 2, 2016, because he was eligible to receive accumulated credit against his original sentence under Section 6138(a)(2.1) of the Prisons and Parole Code[13] for time spent at liberty on parole in good standing. However, as outlined above, the Board's recommitment decision at issue in this appeal did not alter his reparole eligibility date or his parole violation maximum date. Rather, the Board's September 4, 2014 recalculation decision denied him credit for the period of December 9, 2013, to April 14, 2014, that he now seeks and set his new reparole eligibility date and parole violation maximum date. (CR 78-79, 80). That recalculation decision was unappealed[14] and cannot be contested in the instant appeal of a prior and distinct Board recommitment decision.[15]

---

[13] 61 Pa. C.S. §6138(a)(2.1). Section 6138(a)(2.1) provides, in relevant part, that "[t]he board may, in its discretion, award credit to a parolee recommitted [as a convicted parole violator] for time spent at liberty on parole" subject to two enumerated exceptions not applicable herein.

[14] The September 2014 Board recalculation decision setting his new reparole eligibility date and new parole violation maximum date specifically informed Love:

> IF YOU WISH TO APPEAL THIS DECISION YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(CR 80).

[15] *See, e.g., Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26-27 (Pa. Cmwlth. 2009) ("In support, Counsel cites *Wright v. Pennsylvania Board of Probation and* **(Footnote continued on next page…)**

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, President Judge

_____
**(continued…)**

*Parole*, 743 A.2d 1004 (Pa. Cmwlth. 1999), and *Woodard v. Pennsylvania Board of Probation and Parole*, [582 A.2d 1144 (Pa. Cmwlth. 1990)]. *Wright* and *Woodard* stand for the proposition that a recommitment order and a recalculation order are separate appealable orders. *Wright*, 743 A.2d at 1006; *Woodard*, 582 A.2d at 1146. *Woodard* specifically held that a petitioner could not challenge a recommitment order, through a challenge of a subsequent recalculation order, where an appeal of the recommitment order would have been untimely. *Id.* at 1146-47….").

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tashoun Love,                          :
                    Petitioner        :
                                       :
         v.                            : No. 149 C.D. 2015
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent         :

# **O R D E R**

AND NOW, this 3<u>rd</u> day of <u>December</u>, 2015, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of January 5, 2015, is affirmed.

_____
DAN PELLEGRINI, President Judge