IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco Jackson,  :
              Petitioner  :
   :
   :
     v.  :
   :
   :
Pennsylvania Board of  :
Probation and Parole,  :  No. 170 C.D. 2020
           Respondent  :  Submitted: July 24, 2020


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED:  November 19, 2020


      Francisco Jackson (Jackson) petitions for review from the January 15, 2020 decision of the Pennsylvania Board of Probation and Parole (Board)[1] denying his request for administrative relief challenging the recalculation of his maximum sentence date.[2]  Since the filing of this matter, Jackson's maximum sentence date of June 30, 2020 lapsed, rendering his petition for review moot.  Accordingly, we dismiss Jackson's petition for review.

---

    [1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

    [2] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated.  *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On October 14, 2014, the Board paroled Jackson from a state correctional institution (SCI) where he was serving time on his one and a half-year to four-year sentence for criminal attempt and drugs acquired or obtained by misrepresentation. Certified Record (C.R.) at 1, 7. At the time of his release, Jackson's minimum sentence date was October 4, 2014, and his maximum sentence date was April 4, 2017. *Id*. As part of the conditions governing his parole, the Board required Jackson to report to Kintock Erie, a community corrections program. *Id*. at 11, 13 & 14. On December 19, 2014, Jackson was successfully discharged from Kintock Erie. *Id*. at 15.[3]

On October 7, 2016, the Board detained Jackson due to his arrest on new criminal charges in Philadelphia County. C.R. at 22-26. On October 13, 2016, the Board scheduled a detention hearing, but Jackson waived his right to the detention hearing, a preliminary hearing, a panel hearing, and his right to counsel. *Id*. at 27, 31-32. The Board decided, by order mailed on December 30, 2016, to detain Jackson pending disposition of the new criminal charges. *Id*. at 34, 39. On June 2, 2017, Jackson pleaded guilty to the charge of manufacture, delivery, or possession with intent to manufacture or deliver drugs, and he received a sentence of probation for a maximum of three years. *Id*. at 40. However, Jackson failed to report to the parole office to discuss his new drug conviction; therefore, as of June 23, 2017, Jackson was declared delinquent. *Id*. at 45, 53. Jackson also failed to report to Philadelphia County Probation following sentencing and the Philadelphia Adult Probation and Parole Department issued a probation warrant against him. *Id*. On January 30, 2018, the Philadelphia Police Department arrested Jackson for the

[3] Jackson's conditions of parole also included reporting to his parole agent as ordered and abiding by curfew. C.R. at 14, 15 & 16. Jackson received two warnings for failing to report as required and he received a third warning for having a positive urine test. *Id*. at 17-20.

probation violations. *Id*. at 45. On January 31, 2018, Jackson was confined in the Philadelphia County Department of Prisons on the drug charges and the Board's detainer. *Id*. at 41, 45 & 62.

On March 6, 2018, the Board held a revocation hearing based on Jackson's new drug conviction. C.R. at 52. On March 9, 2018, the Court of Common Pleas of Philadelphia County (trial court) sentenced Jackson to 6 to 12 months' confinement followed by 3 years' probation for violating his probation, with credit to be calculated by the Philadelphia prison system. *Id*. at 76, 81. On April 19, 2018, the Board notified Jackson of its decision to recommit him to an SCI as a convicted parole violator to serve 24 months' backtime "when available pending parole from or completion" of his Philadelphia County sentence and return to an SCI. *Id*. at 71-72.[4] By order dated August 13, 2018, the trial court granted Jackson's request for parole from his county sentence. *Id*. at 81, 88.[5] Subsequently, the Board notified Jackson, by decision mailed October 9, 2018, that he was recommitted to an SCI as a convicted parole violator to serve the 24 months' backtime imposed as a result of his new drug conviction and recalculated his maximum sentence date to June 30, 2018. *Id*. at 86-87. The Board further notified Jackson that it, "in its' [sic] discretion *awards credit* to you for the time spent at liberty on parole for the following reason . . . poor supervision history." *Id*. at 86 (emphasis added).

---

[4] On May 22, 2018, Jackson submitted an administrative remedies form challenging the Board's April 19, 2018 decision to recommit him to serve 24 months' backtime. C.R. at 89. The Board, by decision mailed August 29, 2019, affirmed its decision and explained that the amount of backtime imposed was within the presumptive range assigned to his new conviction for manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver. *Id*. at 91. Notably, Jackson did not appeal the Board's August 29, 2019 decision to this Court.

[5] The trial court's order granting Jackson parole on his county sentence provided that his effective date of sentence was January 31, 2018, with a minimum sentence date of July 27, 2018, and a maximum sentence date of January 27, 2019. C.R. at 88.

Though the Board stated in its October 9, 2018 decision that Jackson's new maximum sentence date was June 30, 2018, and that it was awarding Jackson credit for time spent at liberty on parole, these statements were errors.[6] The Board subsequently found the "technician error" relating to the recalculated maximum sentence date and, by decision recorded August 29, 2019, modified its October 9, 2018 order to change Jackson's maximum sentence date to June 30, 2020. C.R. at 93. On October 7, 2019, Jackson filed *pro se* a petition for administrative review asserting that the Board "cannot take [his] street time." *Id*. at 96.[7]

While Jackson's petition for administrative review was pending, the Board found the "typographical error" relating to his street time. C.R. at 95. The Board issued yet another decision, recorded January 10, 2020, modifying its October 9, 2018 and August 29, 2019 orders, notifying Jackson that the Board "in its discretion *does not award* credit to you for the time spent at liberty on parole for the following reasons . . . your poor supervision history." *Id*. (emphasis added). A few days later, on January 15, 2020, the Board affirmed the recalculation of Jackson's maximum sentence date to June 30, 2020. *Id*. at 99-100.

In its January 15, 2020 decision, the Board explained that Jackson was not entitled to any credit for time spent at liberty on parole because he was a convicted parole violator, and that he had the ability to challenge the recalculation

---

[6] The error regarding the recalculated maximum sentence date is evident as the Board stated that, in its discretion, it was awarding credit for time spent at liberty on parole, but cited Jackson's poor supervision history, which is a reason to deny credit rather than award credit. C.R. at 86. Likewise, in its parole violation date calculation form dated September 27, 2018, the Board indicated that Jackson's new maximum sentence date was June 30, 2020, rather than June 30, 2018. *Id.* at 84.

[7] Meanwhile, Jackson's counsel entered his appearance before the Board and asked the Board to notify his office "when a decision is entered concerning his *pro se* administrative appeal or if a new board action is issued." C.R. at 97.

decision after it was imposed, thereby satisfying his due process rights. C.R. at 99. The Board further explained that it properly recalculated Jackson's maximum sentence date as follows:

> The Board paroled Jackson from [an SCI] on October 14, 2014[,] with a max[imum] date of April 4, 2017[,] leaving him with 903 days remaining on his sentence the day he was released. Because the Board denied him credit for the time spent at liberty on parole, he therefore owed 903 days as a convicted parole violator. The record shows Jackson was arrested on a board detainer and for new criminal charges by local authorities in Philadelphia County on October 7, 2016. The [B]oard detainer was lifted on April 4, 2017[,] when Jackson reached his original max[imum] date. On June 2, 2017, Jackson was sentenced in [the trial court] to a 3-year probation term. . . . On June 23, 2017, Jackson was declared delinquent for failure to report to supervision staff. On January 31, 2018, Jackson was arrested on a board detainer and on a bench warrant. On March 9, 2018, Jackson had a Gagnon II hearing[8] in Philadelphia County and was sentenced to 6 to 12 months to be served in Philadelphia County Prison for a violation of probation at the same docket. Jackson was paroled from the new county sentence effective August 13, 2018.
>
> Based on the above facts, Jackson is entitled to credit toward his original sentence for 179 days from October 7, 2016[,] to April 4, 2017. He is also entitled to credit toward his original sentence for 37 days from January 31, 2018[,] to March 9, 2018. Subtracting 216 days (179 + 37) from 903 days leaves Jackson with 687 days remaining

_____

[8] A Gagnon II hearing, named for the United States Supreme Court decision in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), is conducted to determine whether a parolee or probationer has violated one or more conditions of his parole or probation that warrant revocation and, if so, whether the parolee should be recommitted to prison or whether other steps should be taken to protect society and improve the chances of his or her rehabilitation. *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000). A Gagnon II hearing follows a Gagnon I hearing where the Commonwealth must demonstrate that probable cause for the violation exists. *Id.*

on his original sentence. Adding 687 days to the August 13, 2018 availability date yields a recalculated max[imum] date of June 30, 2020.

*Id*. at 99-100 (footnote added). Jackson then petitioned this Court for review.

Before this Court, Jackson asserts that the Board erred when it affirmed its decision to recalculate his maximum sentence date to June 30, 2020, because the Board failed to give him credit for time served exclusive to its warrant[9] and failed to "articulate" a reason that it denied Jackson credit for the time he spent in "good standing on parole." Petition for Review ¶¶ 5 & 6; Jackson's Brief at 4, 10, 11 & 13. We need not address the only issue properly before this Court—whether the Board gave a valid reason to deny Jackson credit for time spent at liberty on parole— because Jackson's maximum sentence date has lapsed.

As this Court has stated, "[t]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot," and "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for

---

[9] Jackson provides in his statement of questions portion of his brief that the Board failed to give him "credit for all time served exclusively to its warrant." Jackson's Brief at 4 & 10. Rather than explaining what time the Board failed to credit him for and how the Board's recalculated maximum sentence date is incorrect, Jackson makes a different argument in the body of his brief. Jackson argues that the Board "manipulated the dates of verification of conviction to avoid dismissal of the revocation [hearing] on the grounds the hearing was not timely held." *Id*. at 10-12; *see* 37 Pa. Code § 71.4(1) (providing that "[a] revocation hearing shall be held within 120 days from the date the Board received official verification" of the guilty plea). Jackson requests that the Board's decision to revoke his parole be vacated as untimely and that he be released. Jackson's Brief at 14. However, this Court cannot consider Jackson's argument or grant him the requested relief because he failed to timely appeal the Board's decision recommitting him as a parole violator and revoking his parole. *See supra* n.4; *see also Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1146 (Pa. Cmwlth. 1990) (holding that a recommitment order and recalculation order are separate final appealable orders and to challenge the timeliness of a revocation hearing, a timely appeal must be taken from the recommitment order). The only order properly before this Court is the Board's January 15, 2020 recalculation order. Jackson cannot use this appeal challenging the recalculation of his maximum sentence date to resurrect issues pertaining to the recommitment order. *See Woodard*, 582 A.2d at 1147.

the court to grant the requested relief." *See Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision." *Id.* (citations omitted). Here, the recalculated maximum sentence date on Jackson's original sentence was June 30, 2020, and that date has lapsed. *See* Board's Brief at 11 n.3 (stating that "Jackson's claim will become moot on June 30, 2020"). An order by this Court granting Jackson relief from his maximum sentence date that has lapsed will not have any meaning as Jackson has already served his unexpired term.

The certified record indicates that Jackson was paroled from his original sentence on October 14, 2014, and he was convicted of a new offense resulting in a sentence of probation for a maximum of three years. C.R. at 7, 40. Subsequently, Jackson was convicted of violating his probation and, on March 9, 2018, he received a county sentence of 6 to 12 months' incarceration, but was paroled from that sentence on August 13, 2018. *Id.* at 76, 81 & 88. From August 13, 2018, through June 30, 2020, Jackson served the 687 days remaining on his original sentence.[10] There is no evidence in the certified record to show that Jackson committed any additional crimes or had new criminal charges brought against him that could extend his maximum sentence date on his original sentence.[11] To the

---

[10] Correspondence directed to Jackson from the Board, and from Jackson's counsel to the Board, indicates that Jackson was housed at SCI-Mahanoy after he was paroled from his county sentence. *See* C.R. at 91, 93, 95 & 101.

[11] We recognize previous decisions from this Court refusing to dismiss as moot cases where the individuals remained incarcerated in an SCI on new criminal charges and subject to the Board's jurisdiction with respect to calculation of a new maximum sentence date that may be impacted by a determination on the credit issues then present before the Court. *See, e.g.*, *McGrath v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 712 C.D. 2018, filed Oct. 10, 2019); *McClinton v. Pa. Bd. of*

contrary, it appears Jackson is no longer under the custody and control of the Commonwealth.[12]

Though the issue raised by Jackson relating to the Board's calculation of his maximum sentence date is capable of repetition, it is not an issue that is likely to escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. *See, e.g.*, *Pittman v Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017); *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019). Nor will Jackson suffer without our assistance because, as we have already noted, he has finished serving the sentence that gave rise to the challenged maximum sentence date and we cannot grant the requested relief.[13]

---

*Prob. & Parole* (Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019). However, this case is distinguishable because Jackson's new criminal charges only resulted in a county sentence and he did not remain under the Board's jurisdiction following expiration of his maximum sentence date. Further, Jackson does not appear to be currently incarcerated at an SCI. *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Nov. 18, 2020).

[12] *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Nov. 18, 2020).

[13] Even if this matter was not moot, we would affirm the Board's decision. Jackson asserts that the reason the Board denied him credit is "subjective" and not "factually supported," and requests that he be given credit for all the time he spent at liberty on parole. Jackson's Brief at 13-14. The Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474. Here, the Board explained that it denied Jackson credit due to his "poor supervision history." C.R. at 95. In its hearing report form, the Board stated that Jackson's supervision was poor as evidenced by "his failure to report as instructed and positive urine sample provided," *id.* at 60, which is consistent with Jackson's record. *See id.* at 17-19; *see also Plummer*, 216 A.3d at 1212 (explaining that the Board's three-word reason of "poor supervision history" satisfied *Pittman* where there was no question as to the accuracy of the Board's provided reason as reflected by the parolee's record).

For the foregoing reasons, we dismiss Jackson's petition for review as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco Jackson,                         :
                    Petitioner             :
                                           :
          v.                               :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :     No. 170 C.D. 2020
                    Respondent             :

## O R D E R

AND NOW, this 19th day of November, 2020, the petition for review filed by Francisco Jackson is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge