IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bertram Cecil Sandy,　　　　　　　　　　:
　　　　　　　　　　　Petitioner　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　: No.  1060 C.D. 2023
　　　　　　　　　　　　　　　　　　: Submitted:  September 9, 2024
Pennsylvania Parole Board,　　　　　:
　　　　　　　　　　　Respondent　:


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　　HONORABLE STACY WALLACE, Judge
　　　　　　　HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE　　　　　　　　　　　　FILED:  October 21, 2024


　　　　Bertram Cecil Sandy (Sandy) petitions for review of the Pennsylvania Parole Board's (Board) order mailed August 29, 2023 (Order), denying his administrative appeal and affirming its March 28, 2023 decision (Decision) recommitting Sandy as a convicted parole violator (CPV), denying him credit for time spent at liberty on parole, and recalculating his maximum sentence date.  Additionally, Sandy's appointed counsel, Kent D. Watkins, Esq. (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw).  After careful review, we grant Counsel's Application to Withdraw.  Additionally, we conclude the Board did not err or abuse its discretion.  Accordingly, we affirm the Board's Order.

## I. Factual and Procedural History

Sandy is in the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Frackville. Certified Record (C.R.)[1] at 101. In 2017, the Court of Common Pleas of Luzerne County (Common Pleas) sentenced Sandy to an aggregate term of two years and three months to six years of incarceration (the original term). *Id.* at 1-3. The Board paroled Sandy on September 19, 2019. *Id.* at 6.

In December 2020, the Wilkes-Barre Police charged Sandy with the offenses of strangulation, simple assault, and harassment. *Id.* at 27. On January 5, 2021, the Board detained Sandy because of the new charges. *Id.* at 15, 27. On April 30, 2021, the criminal charges were dismissed. *Id.* at 28. On May 11, 2021, the Wilkes-Barre Police refiled the charges. *Id.* On May 13, 2021, the Board ordered the SCI to release Sandy from the warrant to detain dated January 5, 2021, while simultaneously sending a new warrant reflecting the new case number of the refiled charges. *Id.* at 15, 17, 18, 28. On June 1, 2021, the magisterial district court set Sandy's bail at $10,000 monetary.[2] *Id.* at 50, 76. Sandy did not post bail. *Id.* On December 12, 2022, Sandy pled guilty to Simple Assault. *Id.* at 50, 79. Common

---

[1] We note the absence of a Reproduced Record. On September 29, 2023, our Prothonotary granted Sandy's application for leave to appeal *in forma pauperis*. *See* Ord. Granting Appl. for Leave to Appeal *in Forma Pauperis*, *Sandy v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1060 C.D. 2023, filed Sept. 29, 2023). Therefore, Sandy was not required to reproduce the record. *See* Pa.R.A.P. 2151(b).

[2] The Pennsylvania Rules of Criminal Procedure define release on a monetary condition as "[r]elease conditioned upon the defendant's compliance with a monetary condition imposed pursuant to Rule 528. The amount of the monetary condition shall not be greater than is necessary to reasonably ensure the defendant's appearance and compliance with the conditions of the bail bond." Pa.R.Crim.P. 524(C)(5).

Pleas modified Sandy's bail to $10,000 unsecured.[3]  *Id.* at 45, 50.  On January 30, 2023, Common Pleas sentenced Sandy to 9 months to 18 months of incarceration. *Id.* at 79-80.

On March 10, 2023, the Board held a revocation hearing.  *Id.* at 29.  Parole Agent Daniel Walters presented testimony and moved exhibits of Sandy's new convictions into evidence.  *Id.* at 32, 35-37.  Sandy's counsel presented the testimony of Sandy, who acknowledged the new convictions.  *Id.* at 40-42.

In its Decision, the Board recommitted Sandy to an SCI as a CPV to serve a recommitment period of nine months.[4]  *Id.* at 97.  The Board relied on Sandy's acknowledgment of the new conviction as well as the exhibits the state moved into evidence.  *Id.*  Furthermore, the Board did not award credit to Sandy for time spent at liberty on parole because "the offender's behavior reflect[ed] domestic violence issues . . . ."  *Id.* at 97-98.  The Board calculated Sandy's new minimum sentence date as April 4, 2023, and his new maximum sentence date as March 6, 2026.  *Id.* at 97.

On May 5, 2023, Sandy filed a counseled request for administrative relief challenging the Board's Decision.  *Id.* at 101.  In its Order, the Board denied the May 5, 2023 request for administrative relief and affirmed its Decision.  *Id.* at 103-05.  Sandy, through Counsel, then filed a Petition for Review (Petition) with this Court.  On appeal, Sandy contends (1) "[t]he [Board] failed to give [Sandy] credit for all time served exclusively to its warrant[,]" and (2) "[t]he [Board] abused its

---

[3] Release on unsecured bail is defined as "[r]elease conditioned upon the defendant's written agreement to be liable for a fixed sum of money if he or she fails to appear as required or fails to comply with the conditions of the bail bond.  No money or other form of security is deposited." Pa.R.Crim.P. 524(C)(3).

[4] While the Board's Decision was recorded on March 28, 2023, it was not mailed until April 7, 2023.  C.R. at 97.

discretion by failing to give [Sandy] credit for all time in good standing on parole." Petition at 2. Accordingly, Sandy requests we reverse the Board's Order.

On December 8, 2023, Counsel filed an Application to Withdraw and a *Turner* letter (*Turner* Letter).[5] On December 13, 2023, this Court ordered it would consider the Application to Withdraw along with the merits of Sandy's Petition. The Court further advised Sandy he may obtain substitute counsel or file a brief on his own behalf. Sandy did not file an appellate brief, and no counsel has entered an appearance on his behalf.

## II. *Turner* Letter and Application to Withdraw

As an initial matter, we address Counsel's *Turner* Letter and Application to Withdraw. Where a petitioner seeks review of the Board's decision, the petitioner has no constitutional right to counsel, and counsel seeks to withdraw from the case after determining the petitioner's case lacks merit, counsel must provide the Court a *Turner* letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928). The Court will allow counsel to withdraw if we conclude the issues raised by the petitioner are meritless. *Zerby*, 964 A.2d at 960-61.

Here, we hold Counsel's letter satisfies *Turner*'s technical requirements. Counsel's letter recites the relevant factual and procedural history, as well as explains his assessment was based on his "exhaustive examination of the certified record, and research of applicable case law." *Turner* Letter at 7. Counsel also notes

---

[5] We use the term "*Turner* letter" to refer to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 927 (Pa. 1988), which "set[s] forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

4

the issues Sandy raised in his Petition, and after review of the record and case law, concludes that, "Sandy's appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Id.* at 7. Counsel provided Sandy a copy of the *Turner* Letter, which informed Sandy of his right to retain new counsel and his right to file a *pro se* brief with the Court. *Id.* at 7-8. Because Counsel satisfied *Turner*'s technical requirements for withdrawal, we next review the merits of the Petition.

### III. Discussion

In cases involving the Board's decision to deny a parolee's request for administrative relief, our review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated." *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law. Additionally, we reassess the record with a fresh pair of eyes.

Where the law grants the Board discretion, we also review for an abuse of that discretion. *See id.* at 474. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Pittman*, 159 A.3d at 474 (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

First, we address Sandy's argument that the Board failed to award him credit for the time he served exclusively on the Board's January 5, 2021 and May 13, 2021

5

warrants. "[W]here a parolee arrested on new criminal charges fails to post bail on those charges[,] any time spent in custody prior to sentencing on those charges is properly credited against the parolee's new sentence." *Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1147 (Pa. Cmwlth. 1990) (citing *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980)). Here, the Board issued a warrant to detain Sandy on January 5, 2021. *Id.* at 15. Sandy did not post bail until Common Pleas modified his bail on December 12, 2022. *Id.* at 79.

When the Board paroled Sandy on September 19, 2019, Sandy's original maximum sentence date was May 19, 2023, meaning he had 1,338 days remaining on his original sentence. The Board gave Sandy credit for the time period from January 5, 2021, to June 1, 2021, a time period of 147 days, because he was incarcerated solely on the Board's warrant. Sandy was not entitled to credit on his original sentence following the magisterial district judge setting his bail on June 1, 2021, because he did not post bail, and thus was no longer incarcerated solely on the Board's warrant. *See Woodard*, 582 A.2d at 1147; *see also Gaito*, 412 A.2d at 571.

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003). Common Pleas sentenced Sandy to a maximum term of 18 months on his new sentence in Luzerne County. While Common Pleas did not sentence Sandy until January 30, 2023, the term on the new sentence expired on December 1, 2022. Therefore, the Board gave Sandy credit for the period from December 1, 2022, to January 30, 2023, toward his original sentence, despite not being given unsecured bail until January 30, 2023, because this credit was not awarded to his new sentence. *See Martin*, 840 A.2d at 309. After the Board gave

Sandy credit for the 147 days and 60 days Sandy spent incarcerated, he had 1,131 days remaining on his original sentence. Adding 1,131 days to Sandy's custody for return date of January 30, 2023, results in a parole violation maximum sentence date of March 6, 2026. Therefore, we discern no error in the Board's award of credit or calculation.

Next, we address Sandy's argument that the Board erred by failing to award him credit for time spent at liberty on parole. The Board released Sandy on parole from the original term on September 19, 2019. Where the Board later determines to recommit a parolee as a CPV, as it did here, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2). However, Section 6138(a)(2.1) establishes the Board "may, **in its discretion**, award credit to an offender recommitted under [Section 6138(a)(2.1)] for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1) (emphasis added). "[W]hen the Parole Board exercises its discretion under Section 6138(a)(2.1), it 'must articulate the basis for its decision to grant or deny a [CPV] credit for time served at liberty on parole.'" *Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018) (quoting *Pittman*, 159 A.3d at 474). Here, the Board denied Sandy credit for time spent at liberty on parole because "[t]he offender's behavior reflect[ed] domestic violence issues that warrant denying credit for time at liberty on parole." C.R. at 97-98. The Board articulated the basis for its decision. Therefore, the Board properly exercised its discretion, and we discern no abuse of discretion in the Board's decision not to award Sandy credit for time spent at liberty on parole.

## IV.  Conclusion

Based on the foregoing, we conclude Counsel fulfilled *Turner*'s requirements to withdraw from representation and grant the Application to Withdraw.  We further determine the Board did not commit an error of law or abuse its discretion in its Order affirming its Decision, and we affirm.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bertram Cecil Sandy,      :
                    Petitioner      :
                          :
        v.                : No.  1060 C.D. 2023
                          :
Pennsylvania Parole Board,      :
              Respondent  :

# **O R D E R**

**AND NOW**, this 21st day of October 2024, the December 8, 2023 Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is **GRANTED**, and the order of the Pennsylvania Parole Board mailed August 29, 2023, is **AFFIRMED**.

_____
STACY WALLACE, Judge