IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Collier,                                          :
                              Petitioner    :  No.  584 C.D. 2022
                                                       :  Submitted:  May 19, 2023
                        v.                            :
                                                       :
Pennsylvania Parole Board,                 :
                              Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                     FILED:  February 8, 2024


        Jesse Collier (Collier) petitions for our review of the Pennsylvania Parole
Board's (Board) order mailed May 10, 2022, and its addendum mailed July 14, 2022
(collectively, the Order),[1] which affirmed its prior decision and recommitted Collier
as a convicted parole violator (CPV), denied him credit for time spent at liberty on

---

[1] The Board's May 10, 2022 order contained numerous factual errors and affirmed a non-existent
decision.  On July 14, 2022, the Board mailed Collier an addendum which corrected these mistakes
and affirmed its decision mailed July 23, 2021.  Under Rule 1701(b)(1) of the Pennsylvania Rules
of Appellate Procedure, a Commonwealth agency may "[t]ake such action as may be necessary to
. . . correct formal errors in papers relating to the matter . . ., and take other action permitted or
required by these rules or otherwise ancillary to the appeal or petition for review proceeding."
Pa.R.A.P. 1701(b)(1).  Accordingly, the Board was permitted to modify its order.  Collier also
filed an amended petition for review which acknowledges the July 14, 2022 decision.  *See*
Amended Petition for Review ¶¶ 4, 6.

parole (street time), and recalculated the aggregate range of his sentence. Furthermore, Collier's appointed counsel, Jessica A. Fiscus, Esq. (Counsel), filed an Application to Withdraw Appearance (Application to Withdraw). After careful review, we grant Counsel's Application to Withdraw and affirm the Order.

## I. Factual and Procedural History

Collier is in the custody of the Pennsylvania Department of Corrections (Department) at the State Correctional Institution (SCI) at Albion. Certified Record (C.R.) at 139.[2] In 2013, Collier pled guilty to (i) two charges of theft in Jefferson County and (ii) one drug-related charge in Clarion County. *Id.* at 1. The Court of Common Pleas of Jefferson County (Jefferson County) sentenced him to an aggregate term of 8 to 21 years' imprisonment (the original term), and the Court of Common Pleas of Clarion County (Clarion County) sentenced him to a concurrent term of 1 year and 6 months to 3 years' imprisonment. *Id.* The Department established Collier's controlling minimum sentence date (Minimum Sentence) as April 5, 2019, and his controlling maximum sentence date (Maximum Sentence) as April 5, 2032. *Id.* at 2-3. The Board paroled and released Collier to an approved residence in August 2019. *Id.* at 7-13.

On December 4, 2019, the Board declared Collier delinquent for violating the terms of his parole and issued a Warrant to Commit and Detain. C.R. at 14-16. Reynoldsville Borough Police (Reynoldsville Police) detained Collier on December 6, 2019. *Id.* at 17, 22-27. The following day, Reynoldsville Police charged Collier

---

[2] We note the absence of a Reproduced Record. Petitioners are generally required to reproduce the record; however, Rule 2151(b) of the Pennsylvania Rules of Appellate Procedure waives this requirement if the petitioner is permitted to proceed in forma pauperis. Pa.R.A.P. 2151(b). This Court granted Collier's in forma pauperis application on September 7, 2022. Order Granting Application to Proceed in Forma Pauperis, *Collier v. Pa. Parole Bd.* (Pa. Cmwlth., No. 584 C.D. 2022, filed Sept. 7, 2022). Therefore, Collier was not required to reproduce the record.

with new criminal offenses[3] and transported him to the Jefferson County jail where he did not post bail. *Id.* at 17, 28-31. Collier waived his right to a detention hearing and his right to legal representation. *Id.* at 19-21. As a result, Collier remained at Jefferson County jail pending the disposition of these new charges. *Id.* at 32-37.

On January 20, 2021, Collier pled guilty to 3 counts of burglary, and Jefferson County sentenced him to a consecutive term of 3 to 10 years' imprisonment (the new term) and awarded him a time-served credit of 411 days on the new term. C.R. at 38, 43, 56, 110. Collier also pled guilty to one count of burglary and to one count of theft (graded as a third-degree felony) on May 3, 2021, and Clarion County sentenced Collier to a concurrent term of 2 to 4 years' incarceration and a consecutive 3-year term of probation. *Id.* 46-47, 65-79. Additionally, both Jefferson County and Clarion County recommended Collier for admission to the state drug treatment program (SDTP).[4] *Id.* at 56, 64, 78, 85.

After conducting a parole revocation hearing, *see* C.R. at 40-41, a hearing examiner proposed that Collier serve a term of backtime[5] and receive no credit for street time. *Id.* at 86-93. The Board adopted these recommendations, and, by decision mailed July 23, 2021, recommitted Collier to serve 24 months' backtime at an SCI as a CPV, awarded him a backtime credit of one day,[6] declined to award him

---

[3] The Pennsylvania State Police filed additional criminal charges against Collier. C.R. at 44-49; 58-85.

[4] *See* 61 Pa.C.S. §§ 4101-08.

[5] Backtime is "part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984); *see also* 37 Pa. Code § 61.1.

[6] Collier's total backtime owed equaled 4,614 days (12 years, 7 months, and 18 days). C.R. at 142-43, 162.

3

credit for street time, recalculated his Minimum Sentence as June 9, 2023, and recalculated his Maximum Sentence as January 27, 2034. *Id.* at 140-45.

Collier subsequently filed an Administrative Remedies Form and sent the Board multiple handwritten letters, challenging its decisions. C.R. at 146-57. The Board mailed Collier the Order in response which affirmed its decision mailed July 23, 2021. *Id.* at 158-59, 161-62. On appeal, Collier asks us to reverse the Order.

## II. Application to Withdraw

As an initial matter, we shall address Counsel's Application to Withdraw. Where a petitioner seeks our review of a decision of the Board, is represented by counsel and counsel believes the petitioner's case lacks merit, this Court may permit counsel to withdraw from the representation if, after conducting our own independent review of the issues raised, we determine the petitioner's arguments are, in fact, meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)). However, to properly withdraw, counsel must first submit a *Turner* letter[7] which "detail[s] the nature and extent of his [or her] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless[.]" *Turner*, 544 A.2d at 928.

Here, Counsel's *Turner* letter (*Turner* Letter) recites the relevant factual and procedural history of this case, and Counsel explains her assessment is based on a review of "the Certified Record, the documents in [her] file, and all of Mr. Collier's correspondence," in addition to legal research of applicable case law, statutes, and regulations. *Turner* Letter at 1. Counsel also analyzes the issues Collier raises

---

[7] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Turner* in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." *Turner*, 544 A.2d at 927-29.

before this Court, and she concludes "Collier's administrative challenge lacks merit[.]" *Id.* at 7. Counsel provided Petitioner a copy of the letter informing him of his right to retain new counsel and his right to file a pro se brief with this Court. *Id.* Because Counsel satisfied *Turner*'s technical requirements for withdrawal, we now review the merits of Collier's Amended Petition for Review.[8]

### III. Discussion

We review an appeal of a decision of the Board to determine (i) whether substantial evidence supports the Board's necessary findings of fact, (ii) whether the Board committed an error of law, and/or (iii) whether the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008); 2 Pa.C.S. § 704. When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law, and we review the entire record with a fresh pair of eyes.

Where the law grants the Board administrative discretion, we also review for an abuse of that discretion. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Id.* at 474 (citation omitted).

### A. Parole Calculations

Collier first argues the Board "miscalculated the presumptive background ranges and/or should have deviated from the presumptive ranges, given this was [his]

---

[8] This Court also notified Collier of his right to obtain substitute counsel and directed him to file four copies of a brief in support of his Amended Petition for Review within 30 days. Order ¶ 1, *Collier v. Pa. Parole Bd.* (Pa. Cmwlth., No. 584 C.D. 2022, filed Jan. 4, 2023). Collier did not file a supporting brief, and no substitute counsel entered an appearance on his behalf.

5

first state parole violation." Amended Petition for Review ¶ 13. Section 75.1(a) of the Board's regulations provides that "[p]resumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing." 37 Pa. Code § 75.1(a). The Board's regulations also stipulate that "[t]he presumptive ranges of parole backtime are **intended to structure the discretion of the Board** while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa. Code § 75.1(b) (emphasis added). Significantly, "the Board's exercise of its discretion, within the reasonable parameters reflected by the establishment of the presumptive range, must be upheld" unless there are "some special circumstances which would justify a reconsideration of" the Board's discretion. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 561 (Pa. 1990).

The presumptive range for burglary is 15 to 24 months' imprisonment. 37 Pa. Code § 75.2. The presumptive range for theft, graded as a third-degree felony, is 6 to 12 months' imprisonment. *Id.* Here, the Board imposed 24 months of backtime— which is within the presumptive range of *one* burglary offense—and recommitted Collier to an SCI as a CPV. We observe no special circumstances warranting reconsideration of the Board's discretion in this case. The Board's calculation of Collier's Minimum and Maximum Sentences, as stated in the Order, do not constitute an abuse of discretion. *See* C.R. at 161-62.

### B. Backtime, Street Time, and Time Served Credits

Collier asserts the Board "erred when it did not permit [him] to serve the backtime on his original sentence concurrently with his new state sentences." Amended Petition for Review ¶ 11. Section 6138(a)(5) of the Prisons and Parole

Code[9] is clear that a CPV must serve his original sentence consecutively with any new sentences. 61 Pa.C.S. § 6138(a)(5)(i)-(iii). "Therefore, the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole." *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016) (citations omitted). Collier's position thus lacks merit.

We next address the Board's determination to deny Collier a credit for street time. Where the Board recommits a parolee as a CPV, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2); *see also Boyd-Chisholm v. Pa. Bd. of Prob. & Parole*, 240 A.3d 1005, 1011 (Pa. Cmwlth. 2020). The Board, nevertheless, "may, in its discretion, award credit to an offender recommitted under [Section 6138(a)(2)] for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1). Our Supreme Court has held that when the Board exercises its discretion under Section 6138(a)(2.1), "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole" because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Pittman*, 159 A.3d at 474. Accordingly, our task is to evaluate whether the Board abused its discretion by denying Collier credit for the time he spent at liberty on parole.

The Board articulated its reasons for not awarding Collier a street time credit and noted he (i) "committed a new conviction that is the same or similar to the original offense[,]" (ii) "absconded while on parole supervision[,]" and (iii) "demonstrate[d] unresolved drug and/or alcohol issues[.]" C.R. at 144. We

---

[9] Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301.

7

therefore determine Collier's claim that the Board erred in denying him a street time credit is without merit.

Collier also alleges the Board "erred when it failed to apply any credit for time served from December 7, 2019[,] through June 10, 2021[,] to the [original term]." Amended Petition for Review ¶ 12. As a general rule, where "a defendant . . . remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980); *see also Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1147 (Pa Cmwlth. 1990) (citation omitted). Nonetheless, "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito*, 412 A.2d at 571.

In recalculating Collier's Minimum and Maximum Sentences, the Board awarded Collier a backtime credit of one day—which represents the duration under which he was detained *solely* by the Board's detainer—and properly credited this time to the original term. *See Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 761 n.7 (Pa. 2017). Jefferson County, in addition, properly awarded Collier a time-served credit of 411 days on the new term. Consequently, the Board did not err.

### C. State Drug Treatment Program

Collier additionally disputes:

> By not awarding any credit toward the [original term], [he] will ultimately lose approximately six months of credit, as he would have been immediately eligible to enter the state drug treatment program after he served one year of the [new term]. The additional six months applied on the [new term] is essentially null, as it cannot reduce the length of the state drug treatment program.

8

Amended Petition for Review ¶ 12. As part of his sentencing, Jefferson County and Clarion County each recommended that Collier be admitted to the SDTP, "a 24-month intensive treatment program[] available to eligible individuals[.]"[10] In *Bouie v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 206 M.D. 2022, filed July 10, 2023), 2023 WL 4417476 (unreported),[11] a panel of this Court analyzed the provisions of the SDTP and concluded:

> First, though the Department is ultimately responsible for determining whether an "eligible" inmate should be admitted into the SDTP, that determination can only occur after the relevant court has made a threshold eligibility decision during the course of sentencing that inmate. Second, the Department has broad latitude when considering whether to place an eligible inmate in the SDTP, as well as regarding how to handle an inmate post-admission. Finally, and regardless of an inmate's Program eligibility or the results of a Department-administered addiction assessment, nothing in the statutes that govern the SDTP gives an inmate a legally enforceable right to gain admission thereto.

*Id.* at \*5 (citations omitted). Collier's admission to the SDTP, therefore, is ultimately within the Department's discretion. *See* 61 Pa.C.S. § 4104(c). We observe no abuse of the Board's discretion.

### D. The Order

Finally, Collier contends the Order constitutes reversible error to the extent "[t]he third and fourth paragraphs of [the Order] contain numerous factual errors regarding [Collier's] new charges . . . ." Amended Petition for Review ¶ 10.

---

[10] State Drug Treatment Program (SDTP), Pa. Dep't of Corr., https://www.cor.pa.gov/community-reentry/Documents/JRI%202/SDTP%20Brochure.pdf (last visited Feb. 7, 2024).

[11] Unreported memorandum opinions of this Court issued on or after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

However, the Board, as authorized by Pa.R.A.P. 1701(b)(1), corrected these errors, and this issue is now moot.

## IV. Conclusion

Based on the foregoing, Counsel fulfilled the requirements to withdraw from representation as prescribed by the Pennsylvania Supreme Court in *Turner*, and our independent review of the record confirms Collier's appeal lacks merit. Accordingly, we grant Counsel's Application to Withdraw. Furthermore, as the Board did not commit any errors of law or abuse its discretion, we affirm.

_____
STACY WALLACE, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Collier,                              :
                         Petitioner   :  No.  584 C.D. 2022
                                            :
            v.                             :
                                            :
Pennsylvania Parole Board,         :
                        Respondent  :

# **O R D E R**

**AND NOW**, this 8th day of February 2024, the December 21, 2022 Application to Withdraw Appearance filed by Jessica A. Fiscus, Esq. is **GRANTED**. Moreover, the order of the Pennsylvania Parole Board mailed May 10, 2022, as modified by the July 14, 2022, addendum, is **AFFIRMED.**

_____
STACY WALLACE, Judge